JAMES CAMPBELL *et al.*, Defendants in Error, v. RICHARD CARROLL, Plaintiff in Error.

### St. Louis Court of Appeals, April 16, 1889.

1. **Action**: REMEDY FOR LEGAL PROCEEDINGS. No action can be maintained for injuries done by legal proceedings, unless it appear that the process of the court was abused. The only remedy for an injunction obtained wrongfully, but without malice or want of probable cause, is on the injunction bond.

2. **Injunction**: DISMISSAL : DAMAGES. A dismissal by the plaintiff's order to the clerk in vacation is ineffectual as a judgment, until supplemented by an order of the court in term time, duly entered of record. The dismissal of an injunction proceeding by the plaintiff does not deprive the court of jurisdiction to assess damages upon motion, on the injunction bond.

3. **Practice, Appellate**: ASSIGNMENT OF ERRORS. Assignments of error distinctly specified in the briefs of counsel are always considered, and are preferable to the formal statutory assignments of errors, which rarely inform the court of the real grounds of complaint.

4. **Practice, Appellate**: SUFFICIENCY OF PETITION : CHANGE OF THEORY. The objection that the petition does not state facts sufficient to constitute a cause of action is not waived by an omission to raise it in the trial court. The rule which precludes a defendant from advancing, upon appeal, a theory of defense different from that, relied upon at the trial, applies only where the opposite party shows a legal right of recovery. Otherwise, it is immaterial on what theory the case was tried.

*Error to the Cape Girardeau Circuit Court.*—Hon. H. C. O'Bryan, Judge.

Reversed and remanded.

*J. B. Dennis*, for the plaintiff in error.

By chapter 105, volume 2, Revised Statutes of Missouri, section 5672, it is provided—"no person shall keep a ferry * * * without a license;" and section 5685 declares such an act a criminal offense. Defendant had a right to show to the court that plaintiffs had no such license, and therefore could not maintain an action for trespass of a right which had never existed. Not only this, if they had no such license their suit was in effect to recover damages for a lawful restraint put upon them to prevent the commission of a criminal offense. Plaintiffs waived their statutory right on the bond and attempted to pursue their common-law remedy against Carroll; but they neither alleged in their petition nor attempted to prove at the trial that Carroll's injunction suit "was malicious or without probable cause," and without this their petition stated no cause of action. In *Keber v. Bank*, 4 Mo. App. 195, this court says: "Common law gives no remedy for an injury done by legal proceedings, except the process of the court is abused through malice and without probable cause. And in *Bank v. Bank*, 4 Mo. App. 506, it is held that "there can be no recovery of damages arising from an injunction, except in an action on the bond, unless it be averred and shown that the process of the court was abused maliciously and without probable cause. * * * It is not sufficient that the suit may have been wrongful; the failure of the suit (or its dismissal) determines the wrongfulness of the claim, but

it does not therefore give a common-law action for damages to defendant." "The wrong is not the falsehood or injustice of the claim, but that it was without probable cause." Instruction number 1, given by the court of its own motion for plaintiffs, requires the jury to find for plaintiffs, if they believe from the evidence that defendant sued out an injunction in the circuit court of Cape Girardeau county as stated in the petition, and the said cause was transferred by change of venue to Madison county, Missouri, and was afterwards dismissed by plaintiff. Admitting that the case was tried in the court below upon the theory that plaintiffs were not entitled to recover because they had wilfully disobeyed the injunction—to argue that the additional point (that the petition stated no cause of action) should not now be heard, is to require absolute perfection upon the part of counsel, or that this court should never reconsider its own decisions. The point was made and argued in the trial court in motions for a new trial and in arrest, and the trial court certainly had the opportunity to examine and pass upon the point made. *Printing Co. v. Stokes*, 14 Mo. App. 591 ; *Dailey v. Mfg Co.*, 14 Mo. App. 597. If the petition had been simply imperfect it might have been cured by verdict, but under the decisions of this court already cited in my brief, the petition stated no cause of action whatever.

*Frank E. Burrough* and *R. B. Oliver*, for the defendants in error.

At the very outset we perhaps ought to add that the writ of error in this case should be dismissed, or the judgment of the circuit court affirmed ; as the plaintiff has failed to assign any formal error, as required by the statute, or rule 18 of this court. R. S., sec. 3764; *Blockman v. McCracken*, 53 Mo. 245 ; *Rannells v. Flynn,* 44 Mo. 604. Is the petition in this case, after

verdict, sufficient to authorize and sustain the judgment? We believe it is. True, the petition does not say in so many words that defendant's injunction suit was "malicious or without probable cause," but it states facts from which (with the testimony in, and that too, without objection from defendant), the inference necessarily and logically follows. To say that the suit was "without probable cause" would be stating a conclusion, and would be bad pleading, but to state the facts which show it to have been "without probable cause," is the better practice. But even if it was material to have said that the injunction suit was "without probable cause," the omission or defect is cured by verdict. *Bowie v. Kansas City*, 51 Mo. 454 ; *Shaer v. Van Wormer*, 33 Mo. 326 ; *Frazer v. Roberts*, 32 Mo. 457. A party will not be allowed to try his case on one theory in the trial court, and then, if beaten there, spring a fresh theory upon his adversary in this court. *Bray v. Seligman*, 75 Mo. 40 ; *Bettes v. Magoon*, 85 Mo. 580 ; *Fell v. Mining Co.*, 23 Mo. App. 216.

ROMBAUER, P. J., delivered the opinion of the court.

The defendant obtained, upon a petition filed for that purpose, in May, 1886, in the circuit court of Cape Girardeau county, a writ of temporary injunction against the plaintiffs, restraining them from operating a certain steam ferry boat on the Mississippi river, between Cape Girardeau and the Illinois shore. Upon plaintiff's motion, a change of venue was granted them to Madison county where the defendant voluntarily dismissed his petition in vacation, thereby, as plaintiffs claim, precluding them from having their damages assessed in said Madison county circuit court. The plaintiffs thereupon instituted the present action to recover the damages caused to them by the defendant's wrongful

act in obtaining the temporary restraining order, but in their petition failed to aver, that the proceeding was either malicious or without probable cause.

Upon a trial of the cause before a jury the plaintiffs gave evidence tending to show the damages sustained by them, as a result of the restraining order, but gave no evidence tending to show either malice or want of probable cause. The court instructed the jury in substance that if they found upon the evidence that the defendant sued out the writ of temporary injunction as stated in plaintiffs' petition and, subsequently, voluntarily dismissed his petition, upon which such writ was issued they should find for plaintiffs and assess their damages at such sum as they may believe the evidence entitled them to, not exceeding the amount claimed in the petition. The jury under this instruction found for plaintiffs in the sum of eighty-four dollars, and the defendant's motion for new trial and in arrest of judgment being overruled, he prosecutes this writ of error.

It will be seen by a statement of these facts, that the judgment rendered is erroneous as a matter of law. The petition states no cause of action, the evidence proves none, and the instruction of the court is based on a thorough misconception of the elements warranting a recovery in similar cases. The common law gives no remedy for an injury done by legal proceedings, except the process of the court is abused. Where the act complained of is destitute of the ingredients of malice and want of probable cause, the only remedy of the party is on the injunction bond, the remedy specially provided for by statute, as a protection against injury even without malice. *Keber v. Bank*, 4 Mo. App. 195; *Robinson v. Kellum*, 6 Cal. 399; Hill on Inj. 101. There is no difference in that regard between the abuse of civil and criminal process. *Grant v. Reinhard*, 33 Mo. App. 74.

Campbell v. Carroll.

It would seem from the averments of the petition, that the plaintiffs instituted this action for a suit on the injunction bond on the theory that by voluntary dismissal of the defendant's suit in vacation, the circuit court of Madison county was deprived of jurisdiction to assess damages on the injunction bond against the defendant and his sureties. This theory rests on a misconception of the law. It was decided in *Dorris v. Carter*, 67 Mo. 544, that unless damages are *adjudged* upon dissolution of an injunction by the court, no action will lie upon the bond. But it has also been decided in *Loehner v. Hill*, 19 Mo. App. 141, that such adjudication may be had after the injunction has been dissolved *and the bill dismissed*, provided a motion therefor is made, before the court by lapse of the term has lost power to entertain a motion for that purpose.

We are informed that a practice has grown up in this state sanctioning the dismissal of suits in vacation, by the plaintiffs' filing a memorandum to that effect with the clerk, but such memorandum necessarily goes for naught except as evidence of an estoppel by matter *in pais*, or of abandonment, unless the court, by some appropriate entry of record at a succeeding term, gives effect to it as a judgment. The court alone is competent to order a judgment and not the parties litigant or the clerk. It would be a strange anomaly, if the plaintiffs in an injunction suit could escape all liability upon their bond, by a simple memorandum of dismissal filed with the clerk in vacation. There was nothing which prevented the plaintiffs in this case, being defendants in the injunction, to have the entry of dismissal entered of record at the succeeding term of the Madison circuit court, and then move the court to assess the damages on the injunction bond.

We are asked to affirm the judgment because the plaintiff in error has failed to assign any formal error, because he tried the case in the court below on the theory

that the petition did state a cause of action and because the only instruction, submitted by them in the court below, was on a different question from the one now urged for reversal.

In answer to this request, we state:

*First.* That we have always considered assignments, made in appellant's brief, as sufficient assignments of error, and deem them preferable to the formal assignments of error, which are filed in compliance with the statute, but which rarely, if ever, advise the court of the real grounds of complaint. The plaintiff in error in his brief specifically assigns for error that the petition does not state facts sufficient to constitute a cause of action, and that the evidence fails to sustain one, and that the instructions of the court to the jury were erroneous.

*Second.* That the defendant in the trial court filed his motion in arrest challenging the sufficiency of the petition, on the same ground on which he challenges it in his brief. But even had he failed to do so, the objection that the petition failes to state a cause of action is never waived. *Staley House Furnishing Co. v. Wallace*, 21 Mo. App. 128, and cases cited.

*Third.* That the rule precluding a party from advancing a different theory of defense upon appeal, from the one advanced upon the trial, can have application only to a case, where the opposite party, by his pleadings and evidence, has shown a legal right of recovery. Where no legal right of recovery is shown on any admissible theory, it is wholly immaterial on what theory the case was tried.

Reversed and remanded. All the judges concur.