STATE ex rel. HENRY OSTMAN, Appellant, v. WALDO P. HINES, etc., et al., Respondents.

St. Louis Court of Appeals, May 3, 1910.

1. ABATEMENT OF SUITS: Pendency of Prior Action. Where two suits are pending between the same parties on the same cause of action, the subsequent suit will be abated on the ground it is vexatious and oppressive.

2. ———: ———: Effect of Dismissal of Prior Action. A suit will not be abated because when it was instituted a prior suit for the same cause of action was pending, if before the hearing on the plea in abatement, the prior suit is dismissed.

3. DISMISSAL OF SUITS: In Open Court: Statute. Section 1979, Revised Statutes 1899, which authorizes dismissal of suits in vacation, upon payment of costs, has no application to an attempt to dismiss in term time and in open court.

4. ———: Discretion of Court. Courts have a latent discretion in the allowance or denial of a voluntary termination of a suit

State ex rel. v. Hines.

by plaintiff, and while its discretion is not to be exercised arbitrarily, yet where the discontinuance or dismissal would be inequitable, it may be denied altogether or granted only on such terms as the ends of justice require.

5. ——: Order of Court Necessary: Abatement of Suits: Pendency of Prior Action. It is necessary for the voluntary dismissal of a suit that the court exercise its discretion in the matter and enter an order of dismissal, so that, the plaintiff having merely filed in open court a memorandum dismissing it, it is still pending, and available under a plea in abatement of a second suit on the same cause of action.

Appeal from Franklin Circuit Court.—*Hon. R. S. Ryors,* Judge.

AFFIRMED.

*Wm. H. Clopton* and *James Booth* for appellant.

(1) If different proofs are required to sustain the two actions, a judgment in one is no bar to the other. Warder v. Henry, 117 Mo. 541; Garland v. Smith, 164 Mo. 22; Callahan v. Davis, 125 Mo. 35. The same rule applies to a plea of another action pending under the statute. Rodney v. Gibbs, 184 Mo. 10. (2) The grounds upon which courts proceed in abatement of subsequent suits is that they are unnecessary, and are therefore deemed vexatious and oppressive. But the modern practice is not to infer as a matter of law, that a subsequent suit is vexatious and unnecessary from the pendency of a former suit between the same parties, but to proceed upon the inquiry into the actual circumstances of the two cases, and then determine as a matter of fact whether the subsequent suit is vexatious. State ex rel. v. Dougherty, 45 Mo. 297; Jacobs, Admr., v. Lewis, 47 Mo. 344; Warder v. Henry, 117 Mo. 530; Bernecker v. Miller, 44 Mo. 102.

*J. B. Garber, T. C. Bruere,* and *C. W. Wilson* for respondents.

(1) Respondents insist the appeal should be dismissed for failure to comply with rules 14 and 15 of

the rules of practice of this court, in conformity to rule 21. Rules of Practice, rules 14, 15 and 21. (2) If the court considers the case on its merits, it should affirm the judgment below. (a) The trial court found under the evidence that there was pending, in this State, a prior suit between the same parties and for the same cause. Upon this finding, there was nothing for the court below to do, but to abate or dismiss the action. (b) Every inference is to be indulged in favor of the correctness of the trial court's findings on the issue of fact. (c) On the evidence adduced, the trial court could well have found that the evidence failed to show that the second count in the petition in the case pending in the Lincoln Circuit Court had been dismissed. (d) But even if it had been clearly disclosed that plaintiff had dismissed the second count of his petition in the Lincoln Circuit Court, the cause was still pending there, and plaintiff was at liberty to amend his petition in that court, and reinstall the second count at any time. (e) The Lincoln Circuit Court had full jurisdiction of the whole matter, and having complete jurisdiction, it would be utterly improper for the Franklin Circuit Court to assume jurisdiction over the same subject-matter. Donnell v. Wright, 147 Mo. 647; Spratt v. Early, 199 Mo. 501; Pond v. Huling, 125 Mo. App. 481. (f) A finding in favor of the plaintiff on the first count of the petition at the Lincoln Circuit Court, would have been a bar to a recovery on the second count in the Franklin Circuit Court. The causes of action set forth in the first and second counts, were part and parcel of one and the same transaction. The law does not countenance or encourage, the splitting up of an action into a number of separate suits. Boeger v. Langenberg, 97 Mo. 390.

NORTONI, J.—This is a suit for false imprisonment. It originated in the circuit court of St. Charles county and was removed on change of venue to the circuit court of Franklin county. The finding and judg-

ment were for defendant and relator prosecutes the appeal.

The matter in judgment arises on a plea in abatement to the effect that another suit on the same cause of action was then pending between the parties which in turn presents the question as to the essentials requisite to the dismissal and termination of a suit pending in a court of competent jurisdiction.    In other words, the inquiry is as to what, if anything, besides the filing of a memorandum to that effect by relator, is essential to operate the dismissal of a cause of action pending in court.

The material facts giving rise to the question are as follows:    Relator instituted this action for false imprisonment against defendant Hines, the sheriff of St. Charles county, and the American Bonding Company, surety on his official bond.    It is set forth in the petition that the defendant Hines, sheriff, etc., appeared before a justice of the peace and swore out a warrant charging relator with a breach of the peace and thereafter effected his arrest thereunder; that upon the arrest being made, relator offered immediately to go before a justice of the peace and execute a bond or recognizance for his appearance, as was his right under the statute, but defendant Hines arbitrarily refused his request and, notwithstanding his protestations, lodged him in the common jail of St. Charles county and there restrained him of his liberty for a considerable time; that the sheriff continued and persisted in his refusal to permit relator to go before a justice of the peace and execute bond for his  appearance and relator was compelled to employ counsel before he was permitted to regain his liberty by giving bond, etc.    It is averred, too, that on the day set for his trial, the prosecuting attorney, with the advice and consent of the defendant Hines, dismissed the charge against him and refused to prosecute him thereon.

The theory of the petition we believe is, that though the arrest was lawful in the first instance, having been under warrant, the imprisonment thereunder and denial of relator's right to give bond was contrary to the statute and affords a cause of action for the unlawful restraint of relator's liberty. In their answer, defendants pleaded in abatement to the effect that another suit between the same parties for the same cause of action was then pending in the circuit court of Lincoln county and prayed to be discharged from further answering in the present action. At the hearing on this plea in abatement, defendants introduced in evidence a certified copy of the records of the case in State ex rel. Henry Ostman, plaintiff, v. Waldo P. Hines and the American Bonding Company, defendants, then pending in the circuit court of Lincoln county. From this transcript, it appears relator, some time prior to the institution of the present suit, had instituted a suit in two counts in the circuit court of St. Charles county against the present defendant Hines, sheriff, etc., and the American Bonding Company, the surety on the sheriff's official bond. The first count in the petition in that case set forth as facts that defendant Hines appeared before the same justice of the peace on the same date referred to in the petition in the present suit and swore out a warrant for relator's arrest on a charge of disturbing the peace; that in executing said warrant and taking relator into custody thereunder, he assaulted and cruelly beat relator, etc. In fact, the first count of the petition in that action proceeds as for an assault and battery without cause by the sheriff in executing the warrant of arrest and for this damages are prayed and a recovery is sought.

The second count of the petition in that case, which is for false imprisonment, is, in all material respects, identical with the language in the petition in the cause now in judgment. Indeed, the second count of the petition in the Lincoln County Circuit Court proceeds and seeks a recovery against

these same defendants for the identical false imprisonment alleged and relied upon in relator's petition in the present cause. There is no controversy between the parties as to this particular feature of the matter; in other words, it stands conceded that the present suit is between the same parties and for the identical cause of action as set forth in the second count of relator's petition in the case in the Lincoln Circuit Court. The question in controversy between the parties here relates rather to the fact as to whether or not the second count of relator's petition in the Lincoln County Circuit Court had been dismissed before the institution of the present suit. The relator insists that he had dismissed the second count of his petition or his suit for false imprisonment pending in the Lincoln Circuit Court before he instituted the present action and the defendants insist otherwise. In other words, defendants insist that though relator's counsel filed a memorandum of dismissal of the second count of his petition, during the term, in open court, in Lincoln county, the cause of action therein set forth remained pending for the reason the court did not act on such memorandum and order the dismissal.

When it appears that two suits are pending between the same parties on the same cause of action, the courts will abate the subsequent suit on the grounds that it is vexatious and oppressive. The law abhors a multiplicity of actions and favors the peace and repose of society instead. If there is identity of both parties and cause of action in two suits pending, the subsequent suit must always abate. There can be no doubt that the court properly abated the present suit between the same parties for the identical cause of action as that involved in the second count of the petition in Lincoln county, unless it appears the count on the same cause of action had theretofore been dismissed and the suit as to that subject-matter terminated in the Lincoln County Circuit Court. [Warder y. Henry, 117 Mo. 530, 540, 541, 23

S. W. 863; Jacobs v. Lewis, 47 Mo. 344; Bond v. White, 24 Kan. 45.] It is the rule, too, in this State, that the plaintiff may dismiss his former suit, even after instituting the second on the same cause of action, and upon showing this fact, proceed to judgment in the subsequent action. In other words, a subsequent suit between the same parties on the same cause of action will not be abated merely on the ground that a prior suit was pending at the time the subsequent suit was instituted if it appears the prior action was dismissed before the hearing is had on the plea in abatement in the subsequent suit. [Warder v. Henry, 117 Mo. 530, 541, 542, 23 S. W. 863.]

The relator relies upon the fact that he filed a memorandum, in open court, dismissing the second count of his petition in the circuit court of Lincoln county and says that this terminated that suit on the present cause of action to all intents and purposes. The record of the Lincoln County Circuit Court introduced in evidence touching the matter is as follows:

"State ex rel. Henry Ostmann, Plaintiff, v. Waldo P. Hines and American Bonding Company, Defendants. On Sheriff's Bond.

"Now at this day comes the plaintiff herein, by his attorneys, and files his Memoranda of Dismissal of the second count of the petition in this cause."

It is conceded that this entry relates to the identical cause of action relied upon in the prior suit between the same parties and that it was made some time before the hearing on the plea in abatement in the present suit but nothing more appears in the record before us. Indeed, this is all of the evidence relied upon to show hearing on the plea in abatement in the present suit, which is conceded to have been pending between the same parties on the same cause of action. It is argued by defendant that though it appears relator signified his intention to dismiss the prior suit, the cause remained pending until the court ordered its dismissal.

State ex rel. v. Hines.

There are several sections of our code which relate to the dismissal of suits and the withdrawal of parts of a petition. Section 1979, Revised Statutes 1909, Ann. St. 1906, sec. 797, authorizes the dismissal of suits upon the payment of costs as therein indicated in vacation. This section is not relevant here for the reason whatever was done in this matter was in term time and in open court. Section 1855, Revised Statutes 1909, Ann. St. 1906, sec. 664, authorizes the plaintiff at any time, before the jury is sworn or the cause submitted to the court on motion, with reasonable notice to the adverse party, to strike out or withdraw any part of his petition.

Nothing appears to indicate that relator proceeded under this section of the statute. Besides failing to show that reasonable notice was given to the adverse party, the record indicates that instead of seeking to strike out or withdraw any part of this petition in the sense of the statute, plaintiff sought to dismiss the cause of action set forth in the second count thereof. Section 1980, Revised Statutes 1909, Ann. St. 1906, sec. 639, provides, "The plaintiff shall be allowed to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury, or to the court sitting as jury, or to the court, and not afterward." This section authorizes the plaintiff, generally speaking, to dismiss his suit. However, even under this statute, the plaintiff may not dismiss in every case. There are a number of instances in which the rights of the adverse party may become so far fixed as to preclude the plaintiff from dismissal but that is unimportant here. As a general proposition, the plaintiff may dismiss his suit under this statute as therein indicated. [In re Estate of Howard, 128 Mo. App. 482, 107 S. W. 398.] But something more is required than the mere signification of an intention to that effect on the part of the plaintiff. A case once legally commenced in a court of competent jurisdiction continues until some affirmative action is shown in the

148 App—20

record of the court discontinuing it. [Bond v. White, 24 Kan. 45.] And an entry of dismissal by the plaintiff is insufficient of itself to operate such discontinuance. [Allen v. Dodson, 39 Kan. 220; Ringle v. Wallis Iron Works, 92 Hun. (N. Y.) 279; Barnes v. Barnes, 95 Cal. 171.] Although there can be no doubt of the relator's right to dismiss the second count of his petition in the instance now in judgment, as the matter involved therein is not such as to justify the court under all circumstances in refusing to make the order, it is entirely clear that the court had some discretion in the premises. Even if an order of dismissal is actually entered, the matter is so much within the discretion and control of the court that the order may be vacated during the term if the interests of justice require it. Indeed, it is laid down as a general rule that under every form of procedure, the court exercises a latent discretion in the allowance or denial of a voluntary termination of a suit by the plaintiff. It is true this discretion is not to be exercised arbitrarily or in defiance of the rights of the plaintiff, but nevertheless, where the discontinuance or dismissal of the action would be inequitable, it may be denied altogether or granted only on such terms as the ends of justice require. [6 Ency. Pl. and Pr., 869, 870, 871, and cases in the notes.]

It therefore appears that in order to operate the dismissal or discontinuance of a suit pending, there must be an order of the court to that effect to the end that it may appear the discretion involved has been exercised and a judgment given thereon. Of course, this order must appear on the proper records of the court. It is said that under the code procedure there can be no valid discontinuance or dismissal of a suit without an order of the court to that effect. [6 Ency. Pl. and Pr., 868, 869, 870, 871, 872, 873.] Numerous cases might be cited in support of the proposition stated. See Allen v. Dodson, 39 Kan. 220; Carleton v. Darcy, 75 N. Y. 375; Bishop v. Bishop, 7 Robt. (N. Y.) 194; Trow

Printing, etc., Co. v. New York, etc., Co., 16 N. Y. Civ. Proc. 120; Ringle v. Wallis Iron Works, 92 Hun (N. Y.) 279; Barnes v. Barnes, 95 Cal. 171; Page v. Superior Court, 76 Cal. 372. Indeed, the doctrine is that until the court acts upon the plaintiff's application and exercises its discretion by actually giving an order dismissing the cause, it retains jurisdiction for further proceedings and judgment. [Barnes v. Barnes, 95 Cal. 171; Campbell v. Carroll, 35 Mo. App. 640.] The case last cited was one in which the plaintiffs had exercised their right to dismiss an injunction suit in vacation, under section 1979, Revised Statutes 1909, Ann. St. 1906, sec. 797, instituted by them. There they paid the costs accrued and dismissed the suit in vacation of the court by filing a memoranda to that effect with the clerk. The defendants in that case treated the plaintiff's dismissal as valid and thereafter instituted an action for damages on the injunction bond. On appeal of that case, this court declared the action on the bond would not lie for the reason the injunction suit was still pending. It appearing the circuit court in term time had omitted to enter an order of dismissal, it was ruled that court retained jurisdiction of the injunction suit for the purpose of assessing damages on the injunction bond notwithstanding the fact that plaintiffs had filed a memorandum of dismissal and paid the costs in vacation as provided in the statute, supra.

It appearing that the Circuit Court of Lincoln county entered no order dismissing the count on the same cause of action, the judgment of the trial court to the effect that the same was then pending in a prior suit between the same parties should be affirmed. It is so ordered. All concur.