STATE OF MISSOURI, at the Relation of JEREMIAH O'CONNELL, Chief of Police of the City of St. Louis, State of Missouri, Relator, v. HONORABLE JAMES F. NANGLE, Judge of the Circuit Court of the City of St. Louis, State of Missouri, now Presiding in Division No. 11 Thereof, Respondent, No. 44693—280 S. W. (2d) 96.

Court en Banc, June 13, 1955.

*Edward L. Dowd,* Circuit Attorney, for relator.

200

*Godfrey P. Padberg* and *Sidney M. Glazer* for respondent.

[97]   HYDE, J.—Prohibition to prevent respondent circuit judge from proceeding in a habeas corpus case on the ground that the same matter was pending before the St. Louis Court of Criminal Correction and that it had custody of the prisoner. The question for decision is whether, after the Court of Criminal Correction has issued a writ of habeas corpus and has neither dismissed nor finally determined the case, the circuit court has jurisdiction to issue a writ of habeas corpus for the production of the same person before it to determine the same matter.

The facts as shown by the pleadings and exhibits attached are that the St. Louis police arrested B. F. Bethel at 5:30 A.M. November 8, 1954. About noon, his counsel filed a petition for habeas corpus in the Court of Criminal Correction. A writ was issued returnable forthwith but thereafter, on motion of the Circuit Attorney, an order

was made granting the relator the statutory time of 24 hours to file return. (See Sec. 532.170, statutory references are to RSMo and V.A.M.S.) The return made the next day showed that Bethel was then held on a charge of burglary and larceny and a warrant issued thereon and he was remanded to the custody of relator. It also appears that bail was then fixed for Bethel. However, during the afternoon of November 8th, about 15 minutes after the order was made giving relator 24 hours to file return, Bethel's counsel told Judge Comerford, who had made the order, that he wanted to dismiss the habeas corpus petition and Judge Comerford said he would not allow him to do so. It is not claimed that this conversation occurred in the courtroom, or while court was in session, or that any motion to dismiss was filed or made in court at any time, After his conversation with Judge Comerford, Bethel's counsel filed a petition for habeas corpus in the Circuit Court and respondent issued the writ. When relator refused to produce [98] the prisoner forthwith, respondent ordered a citation for contempt to be prepared against him.

Even under our old procedure, at least when court was in session, a case was not actually dismissed until there was an order of dismissal. (For when a court is in vacation see Rule 3.04; as to sessions of Court of Criminal Correction see Sec. 479.120.) Section 510.130 provides that "a plaintiff shall be *allowed* to dismiss his action without prejudice at any time before the same is finally submitted." The word "allowed" together with what is said in Section 510.150 about the order for dismissal clearly shows there must now be an order. Section 510.130 uses the same language in this respect as the former statute which we construed in State ex rel. Big Bend Quarry Co. v. Wurdeman, 309 Mo. 341, 274 S. W. 380, in which we said: "This section negatives the idea that a plaintiff may on his own motion dismiss a suit at any time and under all circumstances, because it fixes a period in which a plaintiff 'shall be allowed' to take a nonsuit. That implies that such final disposition of the case must be by order of the court permitting such dismissal; otherwise the word 'allowed' would not be used. * * * An order of court is necessary, so that persons affected may have an opportunity to object." We set out therein examples of situations in which a court could properly refuse to order a dismissal at the instance of a plaintiff. (See also State ex rel. Ostmann v. Hines, 148 Mo. App. 298, 128 S. W. 250; State ex rel. Borsenberger v. McElhinney, Mo. App., 38 S. W. (2d) 281; Mosely by Cobb v. McFields, Mo. App., 235 S. W. (2d) 399.) Furthermore, under Sec's. 510.130 and 510.150, there must be an order because in most cases it is necessary to have a determination as to whether the dismissal shall be with prejudice or without prejudice. While we think petitioner Bethel should have been allowed an order of dismissal under the circumstances shown (See 39 C.J.S. 650, Sec. 86) if a proper motion therefor had been made in court, nevertheless we must

hold that his habeas corpus case was never dismissed but was still pending in the Court of Criminal Correction during the rest of the day of November 8, 1954. Moreover, it remained pending until it was finally determined the next day by remanding Bethel to the custody of relator and fixing bail for his release on the charge then pending against him.

Since this habeas corpus case was pending undetermined in the Court of Criminal Correction, we must hold that the Circuit Court did not have jurisdiction to hear another habeas corpus petition by the same petitioner to determine the same subject matter. "Pursuant to a general rule of wide application, on which there is no conflict of authorities, it has been held that a court is without jurisdiction where it attempts by habeas corpus to interfere with the exercise by another court of jurisdiction theretofore acquired, whether such jurisdiction is acquired in another habeas corpus proceeding or on appeal, or otherwise, unless the prior jurisdiction has been terminated." (39 C.J.S. 596, Sec. 53; See also 25 Am. Jur. 223, Sec. 108; Church on Habeas Corpus 374, Sec. 265; State ex rel. Burtrum v. Smith, 357 Mo. 134, 206 S. W. (2d) 558; State ex rel. Evans v. Broaddus, 245 Mo. 123, 149 S. W. 473; State ex rel. Aetna Life Ins. Co. v. Knehans, Mo. App., 31 S. W. (2d) 226; State ex rel. Mack v. Scott, Mo. App., 235 S. W. (2d) 106; Commonwealth ex rel. Lawton et al. v. Gordon, Ky., 247 S. W. 45; Millikin v. Jeffrey, Tex., 299 S. W. 393.) The Court of Criminal Correction is a court of record (Sec. 479.010) and has concurrent jurisdiction with the Circuit Court in habeas corpus. (See Sec. 479.090.) In fact, Section 532.030 says "in the City of St. Louis the application, in the first instance, shall be made to the judge of the St. Louis Court of Criminal Correction." It is true that this statute could not prevent the Circuit Court, which gets its habeas corpus jurisdiction from the Constitution (Sec. 4, Art. 5), from issuing such writs when application is first made there. (In re John G. Hagan, 295 Mo. 435, 245 S. W. 336.) Nevertheless, these statutory provisions show the Court of Criminal [99] Correction has jurisdiction in any such case and authority to complete any case properly commenced therein. Respondent cites In re Breck, 252 Mo. 302, 158 S. W. 843, holding that res judicata does not apply to habeas corpus; and that to one deprived of his liberty there is no limit to the number of applications which can be made for release by habeas corpus (except as stated in Section 532.020); but that, of course, applies to an application made after a previous application has been finally determined.

Respondent also calls attention to Section 544.170 and Rule 21.14 and says relator's contentions "would emasculate summary relief by habeas corpus in cases involving arrest without warrants." However, "when the writ of habeas corpus issues, the officer holds his prisoner under that writ, and under no other." (State ex rel. Evans

v. Broaddus, supra, 149 S. W., 1.c. 477; See also Church on Habeas Corpus 260, Sec's. 175-176; 25 Am. Jur. 245, Sec. 148; 39 C.J.S. 650, Sec. 87.) Therefore, after the writ issues, the prisoner is in custody of the court and not in the custody of the police so that Rule 21.14 does not apply; and, therefore, the case of State ex rel. Cunningham v. Leavitt, Mo. App., 271 S. W. (2d) 63, cited by respondent, is not in point. This does not mean that the prisoner must be kept in jail because the court issuing the writ is authorized to take bail (Sec. 532.460) or "place him in such care or custody as his age or. other circumstances may require." (Sec. 532.520; see also 25 Am. Jur. 245, Sec. 148; Ex Parte Frederick W. Brockman, 233 Mo. 135, 134 S. W. 977.) It is not claimed that any request to fix or take bail was made to the Court of Criminal Correction. Of course, the court is not required to allow the maximum time for return authorized by Section 532.170. Nevertheless, these are all matters of judicial discretion and the fact that some other judge may not agree with the way such discretion has been exercised in a particular case does not authorize another court to interfere to make and enforce a different ruling on the case while it is still pending undetermined in the court where it was properly brought. We held in State ex rel. Evans v. Broaddus, supra, that not even an appellate court could do that. Certainly a prisoner cannot be in the custody of two different courts at the same time.

In our consideration of the facts of this case we have followed our rule that we will take as true every material fact which is not denied or confessed and avoided. (State ex rel. Allison v. Barton, 355 Mo. 690, 197 S. W. (2d) 667; State ex rel. Iron Fireman Corp. v. Ward, 351 Mo. 761, 173 S. W. (2d) 920; State ex rel. Townsend v. Mueller, 330 Mo. 641, 51 S. W. (2d) 8.) One matter that was denied and, therefore, left unsettled was whether or not in the hearing before respondent anything was said about giving bail under Rule 21.14. In view of our ruling that Rule 21.14 was not applicable because Bethel was in the custody of the Court of Criminal Correction, and not in the custody of the police, that is not a material fact for the determination of respondent's jurisdiction. We must, therefore, hold that respondent was without jurisdiction to proceed in the Bethel habeas corpus case. Since charges were filed and bail fixed, all matters are now moot except for the contempt charge ordered commenced against relator for failure to produce Bethel on the writ issued by respondent. As we have held Bethel was in the custody of the Court of Criminal Correction, relator was required to hold him under its writ. Therefore, respondent was without jurisdiction to issue a writ and the contempt charge cannot be sustained. (See St. Louis, K. & S. R. Co. v. Wear, 135 Mo. 230, 36 S. W. 357; Ex Parte Irwin, 320 Mo. 20, 6 S. W. (2d) 597; Missouri Electric Power Co. v. City of Mountain Grove, 352 Mo. 262, 176 S. W. (2d) 612.)

The preliminary rule in prohibition is made absolute. All concur.