**WAYNE ALBERTO PETERS, Appellant/Defendant**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Criminal No. 2012-0009
Supreme Court of the Virgin Islands
January 22, 2014

479

KELE ONYEJEKWE, ESQ., Appellate Public Defender, St. Thomas, USVI,
*Attorney for Appellant.*

PAMELA R. TEPPER, ESQ., Assistant Attorney General, St. Thomas, USVI,
*Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(January 22, 2014)

CABRET, *Associate Justice.* Wayne Peters appeals his convictions for simple assault and battery and disturbing the peace. Because he filed his notice of appeal well outside of the time allotted by Supreme Court Rule 5, we dismiss this appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 30, 2011, the People filed an Information against Wayne Peters in connection with an incident occurring on August 19, 2010, in which Peters struck his wife and threatened to kill her. He was charged with simple assault and battery and disturbing the peace, both in connection with an act of domestic violence. After an August 8, 2011 bench trial, the Superior Court found Peters guilty and entered convictions on both counts. In an October 31, 2011 Judgment and Commitment, the Superior Court sentenced Peters to six months imprisonment for the simple assault and battery charge and ninety days for disturbing the peace, with both sentences to run concurrently and with credit given for time served. Peters did not file a notice of appeal until February 2, 2012, but moved the Superior Court to allow him to file an untimely notice of appeal on February 9, 2012, arguing that "[t]here is no record of the Office of the Territorial Public Defender being served with a copy of the Superior Court's Order." With this motion, Peters filed an affidavit in which his trial counsel stated that "she overlooked filing the Notice of Appeal" in his case, and that she was unable to determine when the Superior Court's Judgment and Commitment reached her office, or "when and if Mr. Peters requested" that a notice of appeal be filed. The Superior Court granted the motion, extending the deadline to file the notice of appeal until February 13, 2012.

## II. JURISDICTION

■ "The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit. 4, § 32(a). It is well established that in a criminal case, "the written judgment embodying the adjudication of guilt and the sentence imposed based on that adjudication constitutes a final judgment" for purposes of this statute. *Williams v. People*, 58 V.I. 341, 345 (V.I. 2013) (collecting cases). Thus, the Superior Court's October 31, 2011 Judgment and Commitment is an appealable final order under section 32(a), and therefore we have jurisdiction over this appeal.[1] *George v. People*, 59 V.I. 368, 376 (V.I. 2013) (citing *Brown v. People*, 56 V.I. 695, 698 (V.I. 2012)).

---

[1] The People argue that because Peters's notice of appeal was untimely filed, this Court lacks jurisdiction. But despite our previous case law describing a timely appeal as a jurisdictional

## · III. DISCUSSION

Before reaching the merits of Peters's appeal, we must first determine whether this appeal is properly before us. Pursuant to Supreme Court Rule 5(b)(1), a criminal defendant "shall file the notice of appeal in the Supreme Court within 30 days after the entry of . . . the judgment or order appealed from." The Superior Court may extend this deadline by an additional thirty days — giving a defendant a total of sixty days to file a notice of appeal — "[u]pon a showing of excusable neglect or good cause." V.I.S.CT.R. 5(b)(6). Here, Peters did not file his notice of appeal until February 2, 2012, missing the initial thirty-day deadline under Rule 5(b)(1) by sixty-four days and the thirty-day extension under Rule 5(b)(6) by thirty-four days. Despite this, the Superior Court granted Peters the extension, finding there was "good and sufficient cause" for the late filing. This Court reviews the Superior Court's factual findings for clear error, *Frett v. People*, 58 V.I. 492, 502 (V.I. 2013), and reviews the Superior Court's interpretation of a court rule *de novo*. *Mustafa v. Camacho*, 59 V.I. 566, 570 (V.I. 2013).

In granting Peters's motion, the Superior Court did not cite any authority for extending the filing deadline to February 13, 2012, forty-five days beyond that allowed by Supreme Court Rule 5(b)(6). Nor did it include any explanation for its finding of "good and sufficient cause" warranting this extension. Accordingly, we directed Peters to include "in his brief an explanation and discussion as to why this matter should not be dismissed as untimely." *Peters v. People*, S. Ct. Crim. No. 2012-0009, slip op. at 3 (V.I. May 10, 2012). In response, Peters argues that we cannot invoke Rule 5 to dismiss this appeal because under 4 V.I.C. § 31(b)(1), the Chief Justice alone is authorized to dismiss an appeal for want of jurisdiction or failure to take or prosecute an appeal.

---

requirement, we have long since "reconsidered this approach and now treat the time limits established by [Supreme Court] Rule 5 as claims processing rules." *Bryan v. Gov't of the V.I.*, 56 V.I. 451, 455 (V.I. 2012); *see also Gov't of the V.I. v. Crooke*, 54 V.I. 237, 253-54 (V.I. 2010) ("It is well established that time limits set exclusively by court rules are mere claims-processing rules which do not affect a court's subject-matter jurisdiction even if they may result in dismissal if violated." (citing *Bowles v. Russell*, 551 U.S. 205, 210-11, 127 S. Ct. 2360, 168 L. Ed. 2d 96 (2007))); V.I.S.CT.R. 1(i) ("These rules shall not be considered to extend or limit the jurisdiction of the Supreme Court of the Virgin Islands as established by law."). Accordingly, Peters's untimely appeal does not affect our jurisdiction.

■ We do not agree. In interpreting a statute, "[i]f the statutory language is unambiguous and the statutory scheme is coherent and consistent, no further inquiry is needed." *Kelley v. Gov't of the V.I.*, 59 V.I. 742, 745 (V.I. 2013). It is clear from the plain language of this section that Peters's interpretation is flawed. Section 31(b)(1) provides that the "Chief Justice alone, or an Associate Justice sitting in the place of the Chief Justice, may make any appropriate order with respect to an appeal or dismiss an appeal for want of jurisdiction or failure to take or prosecute an appeal in accordance with applicable law or rules of procedure." This section does not divest from the Court sitting as a panel the authority to dismiss untimely appeals, and merely because the "Chief Justice alone" *may* dismiss an appeal does not mean that *only* the "Chief Justice alone" can dismiss an appeal. The Supreme Court's Internal Operating Procedures support this interpretation by providing that the "Chief Justice may rule on motions as provided under 4 V.I.C. section 31(b), including motions to dismiss, *unless the Chief Justice believes reference to a panel is appropriate*." V.I.S.Ct.I.O.P. 9.3.1 (emphasis added). Furthermore, even if we were to adopt Peters's interpretation of section 31(b), it is unclear how this would prevent his appeal from being dismissed as untimely. Agreeing with this argument would serve only to deny Peters the benefit of having the full panel of this Court determine whether to enforce Supreme Court Rule 5 in this instance. Such an interpretation would create the absurd result of giving the Chief Justice the sole authority to interpret and enforce a rule promulgated by the full Court pursuant to 4 V.I.C. § 31(c). See *Brady v. Gov't of the V.I.*, 57 V.I. 433, 442-43 (V.I. 2012) ("statutes should not be construed and applied in such a way that would result in injustice or absurd consequences" (internal quotation marks omitted)).

■ Peters further insists that because the Judgment and Commitment "was not served upon [his] counsel until February 2012 . . . [the] notice of appeal was timely filed under the circumstances." However, nothing in the record supports this assertion, as the affidavit of Peters's trial attorney merely states that she does not know when the Judgment and Commitment reached her office. And regardless of whether there was excusable neglect or good cause for the late filing, such a finding would allow the Superior Court to extend the filing deadline to a total of sixty days only. V.I.S.Ct.R. 5(b)(6). No statute or court rule allows the Superior Court to grant a defendant 105 days to file an appeal with this Court after

the entry of a final judgment, and accordingly, the Superior Court erred in granting Peters's motion for an extension of time.[2]

■ Although we recognize that Rule 5 is a claims-processing rule — and that we could exercise our discretion to hear Peters's untimely appeal, *see Gov't of the V.I. v. Crooke*, 54 V.I. 237, 254 (V.I. 2010) — relaxing the requirements of Rule 5 under normal circumstances would "severely undermine[ ] and weaken[ ]" the rule's purpose, *Chavez v. U-Haul Co. of N.M., Inc.*, 124 N.M. 165, 947 P.2d 122, 127 (1997), and diminish "society's legitimate interest in the finality of [a] judgment [that] has been perfected by the expiration of the time allowed for direct review." *United States v. Frady*, 456 U.S. 152, 164, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); *see also United States v. Mitchell*, 518 F.3d 740, 750 (10th Cir. 2008) ("Finality . . . serves societal interests and the interests of judicial administration by minimizing uncertainty and waste of judicial resources caused by undue delay."); *Long v. Atlantic City Police Dep't*, 670 F.3d 436, 445 n.18 (3d Cir. 2012) ("given the administrative and institutional interests in enforcing appellate deadlines . . . a persuasive argument can be made that *sua sponte* dismissal should be the rule rather than the exception").

■ For these reasons, appellate courts will relax the time to appeal only in rare cases, such as where a trial court erroneously informs a party that a post-judgment motion will toll the time to appeal, *see Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 197 (3d Cir. 2008) (explaining that a party should not be "penalized for relying on a [trial] court's assurance that the party has additional time, beyond the time in a statute or Rule, to file an appeal"), or where deciding the late appeal on the merits will promote judicial economy. *See Ramos v. Comm'r of Corr.*, 248 Conn. 52, 727 A.2d 213, 217 (1999) (recognizing that judicial economy counsels

[2] We note that Supreme Court Rule 5(a)(10) allows the Superior Court to "reopen the time for appeal" for an additional fourteen days if it finds "that a party entitled to notice of the entry of a judgment or order did not receive such notice" and "that no party would be substantially prejudiced." But Rule 5(a)(10) appears among the rules governing civil appeals, and — although we decline to determine here whether this rule has any applicability in a criminal appeal — Peters's motion was not filed within ninety days of the final judgment as required for a motion under this rule. V.I.S.CT.R. 5(a)(10) ("[t]he Superior Court . . . may, upon motion filed *within 90 days after entry of the judgment or order* or within 14 days after receipt of such notice, *whichever is earlier*, reopen the time for appeal for a period of 14 days after the date of entry of the order reopening the time for appeal" (emphasis added)).

against dismissing a late habeas appeal where the petitioner could simply re-file the petition). Because Peters presents no such exceptional circumstances, we decline to exercise our discretion to relax the requirements of Rule 5, and consequently we dismiss this appeal as untimely filed.[3]

## IV. CONCLUSION

Supreme Court Rule 5(b)(1) provides that a notice of appeal must be filed within thirty days after the entry of a final order issued in a criminal case. And while Rule 5(b)(6) allows this deadline to be extended by an additional thirty days upon a showing of excusable neglect or other good cause, the Superior Court lacked the authority to extend the deadline to 105 days after the entry of a final order. Therefore, despite the Superior Court's finding of good cause for the late appeal, we dismiss Peters's notice of appeal as untimely.

---

[3] We recognize that if Peters did instruct his attorney to file an appeal, the failure to do so would constitute per se ineffective assistance of counsel, as "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). Some appellate courts will hear an untimely appeal caused by ineffective assistance, considering this an exceptional circumstance. *See Berriel v. State*, 233 So. 2d 163, 164 (Fla. Dist. Ct. App. 1970). But we do not need to determine here whether to adopt such a rule, as "the decision to appeal rests with the defendant," *Roe*, 528 U.S. at 479, and nothing in the record indicates whether Peters directed his attorney to file a notice of appeal in this case. Just as in any other case, " 'ineffective assistance of trial counsel is not appropriately reviewed for the first time on direct appeal . . . because the necessary facts about counsel's represen- tation of the defendant have not been developed.' " *Codrington v. People*, 57 V.I. 176, 191 (V.I. 2012) (quoting *Stanislas v. People*, 55 V.I. 485, 491 (V.I. 2011)); *see also United States v. Anderson*, 570 F.3d 1025, 1032 n.4 (8th Cir. 2009) (declining to consider on direct review whether an attorney "was ineffective by failing to seek appellate review" where there was no "developed [trial] record on the ineffectiveness issue"). Instead, "ineffective assistance of counsel claims must be raised in a collateral proceeding rather than on direct appeal." *Pow- ell v. People*, 59 V.I. 444, 454 n.6 (V.I. 2013). And although the United States Supreme Court has held that due process may require an untimely appeal to be reinstated or the defendant retried where his right to appeal has been lost due to ineffective assistance, the Court ac- knowledged that the dismissal of an appeal does not violate due process where other remedies — such as collateral proceedings — are available. *Evitts v. Lucey*, 469 U.S. 387, 399, 105 S. Ct. 830, 83 L. Ed. 2d 821 & n.10 (1985); *see also Commonwealth v. Cowie*, 404 Mass. 119, 533 N.E.2d 1329, 1332 (1989) (holding that a "postconviction attack on the judgment . . . accords with due process as a remedy for the defendant's frustrated right of appeal"); *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996) ("the denial of a meaningful appeal due to ineffective assistance of counsel is a proper ground for habeas corpus relief").