**GEORGE R. SIMPSON, Appellant/Defendant**

**v.**

**BOARD OF DIRECTORS OF SAPPHIRE BAY CONDOMINIUMS
WEST, Appellee/Plaintiff**

S. Ct. Civil No. 2013-0143

Supreme Court of the Virgin Islands

June 30, 2015

GEORGE R. SIMPSON, Hampton Bays, NY, *Pro se.*

ALAN R. FEUERSTEIN, ESQ., Feuerstein & Smith, LLP, Buffalo, NY, *Attorney for Appellee.*

CABRET, *Associate Justice*; SWAN, *Associate Justice*; and MOLLOY, *Designated Justice.*[1]

## OPINION OF THE COURT

(June 30, 2015)

CABRET, *Associate Justice.* George R. Simpson appeals from the Superior Court's orders granting summary judgment to the Board of Directors of Sapphire Bay Condominiums West on Simpson's counterclaims and later administratively closing the case. Because Simpson's notice of appeal was untimely, we dismiss his appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In April 2004, the Board of Directors of Sapphire Bay Condominiums West filed a complaint against Simpson in the Superior Court of the Virgin Islands, alleging that he made changes to his condominium without the Board's advance approval. In August 2004, Simpson, appearing *pro se*, filed an answer and six counterclaims against the Board, alleging several tort claims, abuse of process, and defamation, among others. On June 15, 2006, the Superior Court granted summary judgment to Simpson on the Board's original claim, holding that under the condominium association's bylaws, the Board had actually approved the changes Simpson made to his condominium by failing to respond to Simpson's formal request within thirty days.

This order did not dispose of Simpson's counterclaims, however, and the parties continued filing motions while these claims went unresolved for several years — including eleven motions filed by Simpson — until the Board moved for summary judgment on January 31, 2013. On February 28, 2013, Simpson filed a motion captioned "Motion to Strike Plaintiff's Motion for Summary Judgment," arguing that the Board's

---

[1] Chief Justice Rhys S. Hodge is recused from this matter. The Honorable Robert A. Molloy, a Judge of the Superior Court of the Virgin Islands, sits in his place by designation under 4 V.I.C. § 24(a).

motion was procedurally deficient and asserting that there was a genuine issue of material fact on his counterclaims precluding summary judgment.

In an order entered into the docket on August 6, 2013, the Superior Court granted summary judgment to the Board on five of Simpson's counterclaims, but granted summary judgment and $100 in damages to Simpson on one counterclaim for the Board's violation of a provision of the Condominium Act, 28 V.I.C. § 906, for failing to enforce its own bylaws. This order did not mention any of Simpson's eleven pending motions.

The Superior Court later issued a November 19, 2013 order stating that it was denying all pending motions as moot and administratively closing the case. Simpson filed a notice of appeal on December 18, 2013.

## II. DISCUSSION

This Court has "jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court," 4 V.I.C. § 32(a), and typically a notice of appeal must be filed within thirty days of the entry of a final order. V.I.S.CT.R. 5(a)(1)-(2). Although Simpson's notice of appeal characterizes the Superior Court's November 19, 2013 order as the final order here, the Board insists that the August 6, 2013 order ruling on summary judgment was actually the final order, rendering Simpson's December 18, 2013 notice of appeal untimely.

Simpson argues that the November 19, 2013 order was the final order, and thus his notice of appeal was timely, since the August 6, 2013 order did not address any of his eleven outstanding motions. According to Simpson, these motions remained pending on the Superior Court's docket until the November 19, 2013 order denied them as moot, ending the litigation.

■■ "The determination of whether a particular order is appealable rests on its content and substance, not its form or title," *In re People*, 51 V.I. 374, 383 (V.I. 2009), and "[a]n order is considered to be 'final' for purposes of [section 32(a)] if it 'ends the litigation on the merits, leaving nothing else for the court to do except execute the judgment.' " *Joseph v. Inter-Ocean Ins. Agency, Inc.*, 59 V.I. 820, 823 (V.I. 2013) (quoting *Rodriguez v. Bureau of Corr.*, 58 V.I. 367, 370 (V.I. 2013)). In this case, the Board's claim for relief was decided on June 15, 2006. In the August 6, 2013 order, the Superior Court addressed all six of Simpson's

outstanding counterclaims, granting summary judgment to the Board on five of them and granting summary judgment to Simpson on one of them. Just as with any other order resolving all the pending claims and counterclaims in a case, the August 6, 2013 order was the final order here. *See Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 379 (V.I. 2014) (an order granting summary judgment on all claims in a case is a final order); *cf. Davis v. Allied Mortg. Capital Corp.*, 53 V.I. 490, 498 (V.I. 2010) (this Court lacked jurisdiction over an appeal where a counterclaim remained pending in the Superior Court).

Although the August 6, 2013 order did not explicitly address Simpson's eleven pending motions — and the Superior Court later issued the November 19, 2013 order purporting to deny these motions as moot — because "[a] final judgment necessarily denies pending motions," the November 19, 2013 order was without legal effect in this case. *Davis*, 53 V.I. at 499 n.2 (quoting *Dunn v. Truck World, Inc.*, 929 F.2d 311, 313 (7th Cir. 1991)); *see also Anthony v. Indep. Ins. Advisors, Inc.*, 56 V.I. 516, 534 (V.I. 2012) ("Since the Superior Court dismissed all claims and closed [the] case, this Court construes the motion to amend as having been implicitly denied."); *Cohen v. Curtis Pub. Co.*, 333 F.2d 974, 977 (8th Cir. 1964) ("[T]he entry of a final decree had the effect of denying a motion . . . pending before the court [and] the subsequent formal order denying the motion was wholly unnecessary and did not extend the time for filing the appeal."). Further, Simpson did not file any post-judgment motions that would have tolled the thirty-day period for commencing an appeal. *See* V.I.S.CT.R. 5(a)(4).

■ Because the Superior Court's August 6, 2013 order resolving Simpson's counterclaims at summary judgment was the final order in this case — and "[t]he time for appeal [began] upon the entry of the final order into the docket," V.I.S.CT.R. 5(a)(9) — Simpson's notice of appeal was due "30 days after the date of entry of the judgment or order appealed from" on September 5, 2013. V.I.S.CT.R. 5(a)(1); *see also* V.I.S.CT.R. 16(b). Therefore, Simpson's December 18, 2013 notice of appeal was over two months late, and dismissal of this appeal is warranted. *See* V.I.S.CT.R. 17 (providing that "[a]ll temporal deadlines shall be strictly construed" and that "[f]ailure to adhere to deadlines may result in dismissal").

■ While we recognize that the thirty-day deadline in Supreme Court Rule 5 is a claims-processing rule as opposed to a jurisdictional

731

requirement — meaning that "we could exercise our discretion to hear [an] untimely appeal" — "relaxing the requirements of Rule 5 under normal circumstances would severely undermine and weaken the rule's purpose," and therefore we "will relax the time to appeal only in rare cases." *Peters v. People*, 60 V.I. 479, 484 (V.I. 2014) (internal quotation marks and alterations omitted). This is not one of those rare cases.

■ In this case, despite the fact that the Board filed a motion to dismiss this appeal as untimely, Simpson simply asserted that the August 6, 2013 order was not final because it did not explicitly address his outstanding motions, and he failed to provide any argument suggesting that there are any grounds for this Court to set aside the requirements of Rule 5 here. *See Simpson v. Golden*, 56 V.I. 272, 279 (V.I. 2012) ("Simpson does not address the timeliness issue, either in his main or reply brief. Therefore, because Simpson failed to appeal his claim on the merits in a timely fashion, any claim [challenging the Superior Court's] order . . . is time-barred."). Even though this Court has a policy of giving greater leeway to *pro se* litigants, *pro se* status alone is not sufficient to justify a party's failure to follow procedural rules. *Appleton v. Harrigan*, 61 V.I. 262, 267-68 (V.I. 2014); *Constr. Technicians v. Zurich Am. Ins. Co.*, 61 V.I. 153, 158-59 (V.I. 2014). Because Simpson presented no grounds demonstrating that this is one of those rare cases where this Court should overlook its own rules to hear this appeal, we dismiss Simpson's appeal as untimely.[2]

## III. CONCLUSION

Virgin Islands Supreme Court Rule 5(a)(1) requires an appellant to file a notice of appeal within thirty days after the date of entry of a final order. The final order in this case was the Superior Court's August 6, 2013 order resolving all outstanding counterclaims on summary judgment. Because Simpson did not file his notice of appeal until over two months later, and does not present any grounds demonstrating that we should set aside the requirements of Rule 5 in this case, we dismiss this appeal as untimely.

---

[2] We also note that this appeal was filed too late to benefit from the provisions of Supreme Court Rule 5(a)(8), which allows an appellant in cases where the Government is not a party to move for an extension of the time to appeal within 60 days of the final order upon a showing of excusable neglect, or Supreme Court Rule 5(a)(10), which allows an appellant to move for an extension within 90 days of the final order upon a showing that he did not receive notice of the entry of the final judgment. *See Peters*, 60 V.I. at 484 n.2.