**DARYL BLYDEN, Appellant/Petitioner**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, KENNETH E. MAPP, Governor, CLAUDE WALKER, Attorney General, RICK MULLGRAV, Director Virgin Islands Bureau of Corrections, MILDRED TROTTER, Warden Golden Grove Correctional Facility,[1] Appellees/Respondents**

S. Ct. Civil No. 2014-0044

Supreme Court of the Virgin Islands

March 3, 2016

---

[1] Although Blyden originally named Governor John P. deJongh, Attorney General Vincent Frazer, Director Julius Wilson, and Warden Basil Richards in his petition, these officials are no longer in office. Accordingly, this Court automatically substituted them with their successors in office under Supreme Court Rule 34(c).

368

ATIIM D. ABRAHAM, ESQ., Manning Legal Services, P.C., St. Croix, USVI, *Attorney for Appellant.*

PAMELA R. TEPPER, ESQ., KIMBERLY L. SALISBURY, ESQ., Assistant Attorneys General, St. Thomas, USVI, *Attorneys for Appellees.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and HODGE, *Designated Justice.*[2]

## OPINION OF THE COURT

(March 3, 2016)

CABRET, *Associate Justice.* Daryl Blyden appeals the Superior Court's denial of his petition for a writ of habeas corpus, arguing that he was entitled to the writ due to his defense attorney's alleged ineffective assistance, among other issues. We agree that the Superior Court erred in

---

[2] Associate Justice Ive Arlington Swan is recused from this matter. The Honorable Verne A. Hodge, a retired Presiding Judge of the Superior Court of the Virgin Islands, sits in his place by designation under 4 V.I.C. § 24(a).

summarily denying his petition, reverse the Superior Court's order, and direct the court to grant the writ and conduct an evidentiary hearing on remand in accordance with the Virgin Islands Code and this Court's precedent.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The People of the Virgin Islands charged Blyden with first-degree murder and possession of an unlicensed firearm, among other crimes, in relation to a fatal shooting on St. Thomas in 2005. *Blyden v. People*, 53 V.I. 637, 644-45 (V.I. 2010). Before trial, Blyden attempted to suppress the firearm found in his possession by Detective Joel Dowdye, arguing that the police did not have reasonable suspicion to stop and search him in the first place. *Id.* at 645. Blyden also moved to suppress statements he made to police after his arrest. *Id.* The Superior Court denied this motion, holding that "there was reasonable suspicion to stop and search Blyden and that Blyden's inculpatory statements were made voluntarily and not as a result of custodial interrogation." *Id.*

After the suppression hearing and before the start of Blyden's trial, the Superior Court convicted Dowdye of first-degree murder in an unrelated case, and sentenced him to life imprisonment without parole. *Id.* When the People attempted to call Dowdye to testify regarding Blyden's arrest, Dowdye refused to do so. *Id.* "After concluding that Dowdye could not be compelled to testify, the [Superior Court] granted the People's request to have Dowdye declared unavailable and permitted the People to read into the trial record Dowdye's full testimony from the . . . pre-trial suppression hearing." *Id.* at 645-46. Ultimately, the Superior Court convicted Blyden of first-degree murder, unauthorized possession of a firearm, and several other crimes, and sentenced him to life imprisonment without parole. *Id.* at 646.

On direct appeal, this Court affirmed Blyden's convictions — except for one count of unauthorized possession of ammunition, which we reversed for insufficient evidence. *Id.* at 665. In affirming Blyden's remaining convictions, this Court held that the Superior Court properly denied Blyden's suppression motion, concluding that the evidence "was obtained pursuant to a valid . . . stop and the additional seized items were obtained pursuant to a search incident to a lawful arrest." *Id.* at 665. This Court also affirmed the Superior Court's admission of the statement Blyden made after his arrest "because both statements were voluntarily

and spontaneously made after Blyden was advised of his rights." *Id.* Finally, this Court held that the admission of Dowdye's suppression-hearing testimony at trial did not violate Blyden's right to confront a witness against him. *Id.* at 654-55, 665. After we affirmed his convictions, Blyden petitioned the United States Court of Appeals for the Third Circuit for a writ of certiorari seeking review of this Court's decision.[3] The Third Circuit granted the petition, but ultimately affirmed this Court's decision in an unpublished opinion. *People of the V.I. v. Blyden*, 437 Fed. Appx. 127 (3d Cir. 2011).

Blyden then filed a petition for a writ of habeas corpus in the Superior Court on December 11, 2013. In his petition, Blyden alleged that the People failed to properly authenticate the firearm introduced at trial and asserted that the firearm was not the same one Dowdye seized from Blyden during his arrest. Blyden also alleged ineffective assistance of counsel due to his attorney's failure to introduce an affidavit from Dowdye regarding the firearm seized during Blyden's arrest, and the failure to introduce evidence that the serial numbers on the firearm seized from Blyden and the firearm presented at trial were inconsistent. Blyden's petition went on to reassert the argument that the admission of Dowdye's suppression-hearing testimony violated his constitutional right to confront a witness against him.

The Superior Court denied Blyden's petition in a June 21, 2014 opinion, rejecting his ineffective-assistance claim because the petition failed to show that his attorney's performance was deficient. The Superior Court characterized all of Blyden's other claims as procedurally barred because they were "previously raised on [direct] appeal" to this Court, and Blyden "may not use his petition . . . to re-litigate issues previously raised on [direct] appeal." Blyden filed a timely notice of appeal with this Court on July 21, 2014. *See* V.I.S.Ct.R. 5(a).

## II. JURISDICTION

■ "The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court." 4 V.I.C. § 32(a). Although the Superior Court only issued an opinion in

---

[3] The Third Circuit had temporary certiorari jurisdiction over the decisions of this Court in all "cases commenced" before December 28, 2012. *Hodge v. Bluebeard's Castle, Inc.*, 62 V.I. 671, 689 n.10 (V.I. 2015).

this case and did not issue a separate order, "[t]he determination of whether a particular order is appealable rests on its content and substance, not its form or title." *Simpson v. Bd. of Dirs. of Sapphire Bay Condos. W.*, 62 V.I. 728, 730 (V.I. 2015) (quoting *In re People*, 51 V.I. 374, 383 (V.I. 2009)). And because the Superior Court's June 21, 2014 opinion denying Blyden's habeas petition "end[ed] the litigation on the merits, leaving nothing else for the court to do except execute the judgment," it is a final judgment or order within the meaning of section 32(a). *Id.* · (quoting *Joseph v. Inter-Ocean Ins. Agency, Inc.*, 59 V.I. 820, 823 (V.I. 2013)) (alteration and internal quotation marks omitted). Therefore, we have jurisdiction over this appeal. *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 292 (V.I. 2014).

## III. DISCUSSION

On appeal, Blyden argues that the Superior Court erred in denying his habeas petition because his trial counsel's performance was constitutionally ineffective. But before reaching this issue, we must first address the Government's argument that Blyden was required to serve the Government respondents with process upon filing his petition in the Superior Court.

### A. Personal Jurisdiction

The Government states in its appellate brief that the Superior Court lacked personal jurisdiction over the Government respondents because Blyden failed to serve his petition on the Government respondents, and the Government asserts that it "specifically does not waive and reserves all objections to personal jurisdiction." This argument is entirely meritless.

■■ ■■ To the extent the Government is attempting to raise a constitutional due-process argument, *see St. Croix, Ltd. v. Shell Oil Co.*, 60 V.I. 468, 474 (V.I. 2014) (personal jurisdiction is a component of due process), the Government has no constitutional right to due process — "rather, the right to due process belongs to criminal defendants." *Rivera-Moreno*, 61 V.I. at 321. Instead, the Government's right to service of process is governed solely by Virgin Islands statutory and procedural law. Chapter 91 of title 5 of the Virgin Islands Code governs habeas corpus, providing a specific procedure for habeas proceedings. It provides that "[e]very person unlawfully imprisoned or restrained of his liberty,

under any pretense whatever, may prosecute a writ of habeas corpus," 5 V.I.C. § 1301, and directs the Superior Court "to grant the writ . . . without delay, if it appears that the writ ought to issue." 5 V.I.C. § 1304. Once the Superior Court has issued the writ, "it shall be delivered by the clerk [of the Superior Court] to [the] officer [to whom it is directed] without delay, as other writs are delivered for service." 5 V.I.C. § 1306. Thus, under section 1306, the Superior Court itself has the duty of serving the writ on the Government respondents once it is issued, and the Government must then "file a 'return' responding to the allegations in the habeas corpus petition." *Rivera-Moreno*, 61 V.I. at 312 (citing 5 V.I.C. § 1308). "The return, which must allege facts establishing the legality of the petitioner's custody, becomes the principal pleading and is analogous to the complaint in a civil proceeding." *Id.* (internal quotation marks omitted).

■ The Government argues that because habeas proceedings are ultimately civil in nature, a habeas petitioner must comply with the service-of-process requirements imposed on all plaintiffs when initiating civil suits. We disagree. Chapter 91 provides a specialized procedure for habeas proceedings, with section 1306 placing the duty of serving the writ on the respondents squarely on the Superior Court once it issues the writ. And "when a Virgin Islands statute . . . sets forth with precision how . . . proceedings should occur," that statute must operate to the exclusion of the ordinary rules of procedure that would otherwise apply to civil proceedings. *Bryan v. Fawkes*, 61 V.I. 201, 238 n.30 (V.I. 2014).

■■ No provision of chapter 91 requires a habeas petitioner to serve the Government respondents upon filing the petition for a writ of habeas corpus, and to import such a requirement from the rules of procedure governing normal civil proceedings would render the service of the writ required by section 1306 entirely superfluous.[4] *In re L.O.F.*, 62 V.I. 655, 661 (V.I. 2015) (we must "avoid interpreting [a statutory] provision in a manner that would render it — or another provision — 'wholly superfluous and without an independent meaning or function of its own' "

_____

[4] While we noted in *Rivera-Moreno* that the petitioner had "properly served" the Attorney General upon filing his petition, we did so only after holding that the Government had waived any issue regarding service of process, and so we never had the opportunity to address the underlying issue of whether the petitioner had any obligation to serve the Government respondents in the first place. 61 V.I. at 299 n.7.

(quoting *Defoe v. Phillip*, 56 V.I. 109, 129 (V.I. 2012))). Because section 1306 requires the Superior Court itself to serve the respondents with the writ once it is issued, Blyden had no obligation to serve the Government respondents with his petition upon filing it with the Superior Court.

And since the Superior Court held that Blyden's petition was meritless and otherwise procedurally barred, it never issued the writ or served it on the Government respondents. Accordingly, we must now determine whether the Superior Court should have granted the writ, served the Government respondents, and required the Government to file a return and produce Blyden for a hearing on the merits of his petition.

## B. Blyden's Right to a Writ of Habeas Corpus

■ As we explained in *Rivera-Moreno*, "[g]ranting the writ of habeas corpus . . . constitutes an intermediate step in the statutory procedure" — it does not address the underlying merits of the petition's allegations, nor does it entitle the petitioner to the ultimate relief sought in the petition. 61 V.I. at 311. Instead, issuing the writ and serving it on the Government respondents simply requires the Government to file a return responding to the petition and to produce the petitioner in court for a hearing on the merits of his allegations. *Id.* at 312.

■ "When presented with a petition for a writ of habeas corpus, [the Superior Court] must first determine whether the petition states a prima facie case for relief — that is, whether it states facts that, if true, entitle the petitioner to relief — and also whether the stated claims are for any reason procedurally barred." *Id.* at 311 (internal quotation marks omitted). Thus, Blyden's petition was not required to establish his ultimate entitlement to habeas relief, and the Superior Court erred to the extent that it reached the merits of his claims based only on the allegations of his petition.

■ In rejecting Blyden's petition, the Superior Court first held that a habeas petition may not "raise arguments concerning the sufficiency of the evidence." But this Court held in *Rivera-Moreno* that a habeas petitioner could raise purely legal questions through a habeas petition. *Id.* at 303. This would include challenges to the sufficiency of the evidence when not otherwise procedurally barred, since a conviction based on insufficient evidence presents an error of constitutional dimension that

must be remedied.[5] *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) ("[T]he due process guaranteed by the Fourteenth Amendment [mandates] that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof."); 48 U.S.C. § 1561 (the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment "shall have the same force and effect [in the Virgin Islands] as in the United States or in any State of the United States"); *see also Percival v. People*, 62 V.I. 477, 484 (V.I. 2015) ("[A] conviction entered on insufficient evidence is always plain error."). We therefore reject the Superior Court's blanket holding that a petitioner cannot challenge the sufficiency of the evidence through a habeas petition.

Next, the Superior Court held that Blyden's arguments "concerning the lack of authentication of the firearm and inadequate cross-examination" could not be raised in his petition "because they are both issues previously raised on [direct] appeal" and rejected by this Court, and stated that Blyden "may not use his petition for a writ of habeas corpus to re-litigate issues previously raised on [direct] appeal." We agree. While we held in *Rivera-Moreno* that the petitioner could raise a legal issue for the first time in a habeas petition even if he failed to raise it on direct appeal, that case did not address whether an issue raised and addressed on the merits on direct appeal to this Court could be reasserted on habeas. We hold here that it cannot.

Where a petitioner properly raised an issue on direct appeal to this Court, and this Court rejected it on the merits, the petitioner is procedurally barred from re-litigating that issue through a habeas petition. *See In re Harris*, 5 Cal. 4th 813, 21 Cal. Rptr. 2d 373, 855 P.2d 391, 398 (1993) ("[I]n the absence of strong justification, any issue that was actually raised and rejected on appeal cannot be renewed in a petition for

---

[5] In holding that Blyden could not challenge the sufficiency of the evidence through a habeas petition, the Superior Court relied on this Court's decision in *Rodriguez v. Bureau of Corr.*, 58 V.I. 367, 376 (V.I. 2013). There, this Court stated that the habeas petition in that case "was not the appropriate mechanism" for the petitioner to challenge "his conviction based on sufficiency of the evidence." 58 V.I. at 375. But this Court's statement in *Rodriguez* was based on the facts of that case, where Rodriguez's sufficiency challenge had already been addressed on the merits on direct appeal. And so this Court's statement "that such matters should be addressed on direct appeal," *id.*, must be understood in that context, instead of the broader meaning the Superior Court gave it in this case. To read *Rodriguez* the way the Superior Court did would place it in direct conflict with this Court's later holding in *Rivera-Moreno*.

a writ of habeas corpus." (emphasis omitted)); *accord Rivera-Moreno*, 61 V.I. at 296 (looking to California habeas law because of the similarity between California and Virgin Islands habeas statutes). This Court's rejection of an issue properly raised on direct appeal constitutes binding precedent on both this Court and the Superior Court in all subsequent cases, particularly with regard to the same party raising the same issue through a collateral proceeding such as a petition for a writ of habeas corpus. *Bryan v. Fawkes*, 61 V.I. 416, 457 (V.I. 2014). Thus, absent an intervening change in the law or other exceptional circumstances, the Superior Court would be precluded from granting relief on an issue that this Court already rejected on the merits as part of a direct appeal.[6] *See Harris*, 855 P.2d at 407 ("[A] petitioner [may] raise in a petition for writ of habeas corpus an issue previously rejected on direct appeal when there has been a change in the law affecting the petitioner.").

---

[6] This is not to say that an issue raised on direct appeal taken from the Superior Court to the Appellate Division of the United States District Court of the Virgin Islands and the United States Court of Appeals for the Third Circuit before this Court was created would be procedurally barred. Indeed, "the Third Circuit has itself held that the very creation of [the Supreme Court of the Virgin Islands] constitutes 'genuinely exceptional circumstances for disregarding the law of the case doctrine' with respect to prior decisions of the Appellate Division and the Third Circuit, even in cases involving the same parties." *Hughley v. Gov't of the V.I.*, 61 V.I. 323, 337 (V.I. 2014) (quoting *Hodge v. Bluebeard's Castle, Inc.*, 392 Fed. Appx. 965, 975 (3d Cir. 2010)). As we explained in *Hughley*, "[b]ecause it is well established that the court of last resort for a state or territory is not bound by decisions of its regional federal court of appeals or any other lower federal court — even those interpreting the United States Constitution — but need only follow the United States Supreme Court, the possibility of future review by this Court could provide a justification for the Superior Court to consider [a petitioner's] habeas corpus petition on the merits," even where the issues raised in the petition have already been addressed by the Appellate Division and Third Circuit in an appeal taken before this Court's creation. *Hughley*, 61 V.I. at 337-38; *see also Hodge v. Bluebeard's Castle, Inc.*, 62 V.I. 671, 685-92 (V.I. 2015) (holding that this Court is not bound by decisions of the Appellate Division or the Third Circuit, even where those decisions concern the same parties and legal issues); *Hamed v. Hamed*, 63 V.I. 529, 534 (V.I. 2015) (explaining that Appellate Division and Third Circuit decisions are not binding on the Superior Court). Similarly, if an issue was raised on direct appeal but this Court did not address it on the merits — for instance, where it was reviewed only for plain error due to waiver, or was not reviewed at all due to invited error — the Superior Court would not be precluded from addressing the issue through habeas. *See Frazier v. Jenkins*, 770 F.3d 485, 497 n.5 (6th Cir. 2014) ("[P]lain-error review is not equivalent to adjudication on the merits."); *Williams v. People*, 59 V.I. 1024, 1035 (V.I. 2013) (where an error was invited by appellant's counsel, this Court "decline[s] to review [the issue] on direct appeal . . . for plain error or otherwise").

In his petition, Blyden raised four issues. He asserted that the People failed to properly authenticate the firearm introduced at his trial; that the firearm introduced at trial was not the firearm seized from him at the time of his arrest, and that the People knew this and introduced it anyway in an intentional fabrication of evidence; that his right to confront a witness against him was violated when Dowdye's suppression-hearing testimony was introduced at trial even though Dowdye himself did not testify during the jury trial; and finally, that his trial counsel provided ineffective assistance by failing to introduce evidence showing that the firearm seized from Blyden was different from the firearm introduced at trial.

On direct appeal, Blyden similarly asserted that the firearm was not properly authenticated under the rules of evidence and that his right to confront Dowdye was violated when the People introduced his suppression-hearing testimony at trial. This Court rejected both arguments, holding that the Superior Court did not abuse its discretion in admitting the firearm under the rules of evidence that were in place at the time of Blyden's trial. *Blyden*, 53 V.I. at 658-60. With regard to the confrontation argument, this Court held that the admission of Dowdye's testimony at trial did not violate the Confrontation Clause of the Sixth Amendment to the United States Constitution, and further held that even if the Superior Court did commit error, that error was harmless because Dowdye's testimony was cumulative of other evidence introduced at trial. *Id.* at 652-57. Blyden does not argue that any intervening decisions from this Court or the United States Supreme Court undermine this Court's conclusion in his direct appeal, and there does not appear to be any such intervening change in law.

 Consequently, because this Court already addressed these issues on the merits as part of Blyden's direct appeal, and this case does not present any exceptional circumstances that would justify revisiting those issues, Blyden was procedurally barred from raising them again through his habeas petition, and the Superior Court correctly refused to issue the writ with regard to these claims. *Rivera-Moreno*, 61 V.I. at 311 (holding that the Superior Court can refuse to issue the writ for claims that are procedurally barred). We therefore affirm the Superior Court's order with regard to those claims.

 Although this Court has already rejected Blyden's argument that the firearm was not properly authenticated at trial, he never argued in his direct appeal, as he does now, that the People intentionally fabricated

this evidence, and so this claim is not procedurally barred. Further, Blyden's allegation that the People knowingly introduced a firearm at trial that was not the firearm seized from Blyden during his arrest presents a prima facie case for relief since "a government lawyer's fabricating evidence against a criminal defendant [is] a violation of due process." *Fields v. Wharrie*, 740 F.3d 1107, 1114 (7th Cir. 2014) (citing *Napue v. Illinois*, 360 U.S. 264, 269, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959)). This is all Blyden was required to do in order to obtain the writ under Virgin Islands law: "state[] facts [in the petition] that, if true, entitle the petitioner to relief." *Rivera-Moreno*, 61 V.I. at 311. Even though Blyden went the extra mile in this case — submitting an affidavit from Dowdye in support of his claims — he was not required to do so. Instead, it is sufficient that a petitioner simply make allegations that, if later proven true, would entitle him to habeas relief. Once that modest burden is met, the petitioner has a right to the writ of habeas corpus, requiring the Government to "file a 'return' responding to the allegations in the habeas corpus petition," and produce the petitioner for an evidentiary hearing on the claims in his petition. *Id.* at 312-13 (citing 5 V.I.C. §§ 1308-1311). Accordingly, because Blyden presented a prima facie case that was not procedurally barred regarding the fabrication of evidence in his criminal trial, the Superior Court erred in dismissing his petition on this claim.

 ██ Likewise, the Superior Court erred in dismissing Blyden's claims of ineffective assistance of counsel. Blyden alleged in his petition that his trial counsel failed to introduce evidence that would have demonstrated that the firearm the People produced at trial was not the same firearm seized during Blyden's arrest. Just like Blyden's underlying claim that this evidence was fabricated presents a prima facie case for habeas relief, his allegation that his attorney was constitutionally ineffective for failing to introduce evidence to that effect at trial presents a prima facie case for relief because "[o]ne of defense counsel's duties is to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process. To fulfill that duty, counsel must offer at trial material, admissible evidence that is favorable to the defense." *Houston v. Lockhart*, 982 F.2d 1246, 1250-51 (8th Cir. 1993) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)) (internal quotation marks omitted). "[I]f exculpatory evidence is known to defense counsel before the trial, but not introduced at trial, a new trial could be granted on the basis of ineffective assistance of counsel." *State v.*

*Thomas*, 428 S.W.3d 99, 106 (Tex. Crim. App. 2014); *see Powell v. People*, 59 V.I. 444, 452-53 (V.I. 2013) ("To prevail on a claim of ineffective assistance of counsel, [the defendant] must demonstrate that 'counsel's performance fell below an objective standard of reasonableness and that counsel's performance prejudiced [him] resulting in an unreliable or fundamentally unfair outcome in the proceeding.' " (quoting *Stanislas v. People*, 55 V.I. 485, 494 (V.I. 2011))).

 Moreover, a claim of ineffective assistance of counsel will rarely be procedurally barred in a habeas proceeding, since this Court has held that "a claim of ineffective assistance of trial counsel is not appropriately reviewed for the first time on direct appeal . . . because the necessary facts about counsel's representation of the defendant have not been developed." *Codrington v. People*, 57 V.I. 176, 191 (V.I. 2012) (quoting *Stanislas*, 55 V.I. at 491). Instead, "ineffective assistance of counsel claims must be raised in a collateral proceeding rather than on direct appeal." *Powell*, 59 V.I. at 452 n.6; *see also Peters v. People*, 60 V.I. 479, 485 n.3 (V.I. 2014).

Rather than determining whether Blyden's allegations of ineffective assistance presented a prima facie case for relief, the Superior Court held that Blyden failed "[t]o meet the high burden of proving an ineffective assistance of counsel claim." But by going directly to the merits of Blyden's claims based only on the allegations of his petition, the Superior Court demanded too much of Blyden too soon. Because Blyden's petition "made out a prima facie case for relief that was not procedurally barred," the Superior Court was required "to issue a writ of habeas corpus to the person having custody over him, mandating [the petitioner's] production in court" for an evidentiary hearing prior to addressing the merits of his claims. *Rivera-Moreno*, 61 V.I. at 312.

None of this is to say that Blyden is necessarily entitled to habeas relief on remand. That is impossible to determine at this stage of the proceedings. But Blyden had a right to the writ under Virgin Islands law, and had the right to his day in court to make his case for habeas relief. The Superior Court committed error in denying him that, and we therefore reverse and remand, and direct on remand that the Superior Court issue the writ, serve the Government respondents, and "thereupon proceed in a summary way to hear such proof as may be produced against such imprisonment or detention, or in favor of the same, and to dispose of such party as the justice of the case may require." 5 V.I.C. § 1311.

## IV. CONCLUSION

Although two of the claims in Blyden's habeas petition were procedurally barred because this Court already rejected them on direct appeal, the Superior Court erred in summarily dismissing Blyden's petition with regard to his two remaining claims regarding the fabrication of evidence and ineffective assistance of counsel. Because Blyden's petition for a writ of habeas corpus stated a prima facie case for relief on two legal issues that were not procedurally barred, the Superior Court erred in reaching the merits of his claims and denying relief without issuing the writ, serving the Government respondents, and holding a hearing as required by sections 1308 through 1311 of title 5 of the Virgin Islands Code. We therefore reverse the Superior Court's June 21, 2014 order, remand this case to the Superior Court with directions to issue the writ and conduct further proceedings as dictated by chapter 91 of title 5 of the Virgin Islands Code.