**JENSEN ALEXANDER, Appellant/Petitioner**

**v.**

**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Respondent**

S. Ct. Civil No. 2015-0018

Supreme Court of the Virgin Islands

December 6, 2016

JENSEN ALEXANDER, Wallens Ridge State Prison, Big Stone Gap, VA, *Pro se*.

PAMELA R. TEPPER, ESQ., Solicitor General, St. Thomas, USVI, *Attorney for Appellee*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

### (December 6, 2016)

CABRET, *Associate Justice*. Jensen Alexander appeals from the Superior Court's denial of his petition for a writ of habeas corpus, which alleged that his trial counsel provided ineffective assistance. Because the Superior Court committed error in failing to comply with this Court's precedent by summarily denying the petition, we reverse and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After a jury trial, the Superior Court of the Virgin Islands convicted Alexander of first-degree murder and first-degree aggravated rape, among other crimes, in relation to an incident that occurred on Mandahl Beach on St. Thomas in October 2009, and sentenced him to life without parole. *Alexander v. People*, 60 V.I. 486, 490-91, 493 (V.I. 2014). On direct appeal, Alexander urged this Court to reverse his convictions, insisting that the evidence was insufficient and that the Superior Court committed several evidentiary errors. *Id.* at 494. This Court rejected all of Alexander's arguments and affirmed his convictions in a January 29, 2014 opinion and order. *Id.* at 495-513.

On November 6, 2014, Alexander filed a *pro se* petition for a writ of habeas corpus in the Superior Court, asserting that his trial counsel was ineffective because "she failed to present important evidence[ ] that would [have] made the jurors understand the defense point of view." He also alleged that his attorney failed to present the statement of a security guard,

388

failed to cross-examine two of the prosecution's main witnesses — which he asserts would have shown that their testimony was inconsistent — and that she failed to present evidence that someone else was the cause of the rape victim's sexually transmitted disease. After filing his petition, Alexander moved for appointment of counsel and for recusal of the Superior Court judge assigned to the case because that same judge had presided over his original criminal trial.

Based on the contents of the petition alone, the Superior Court dismissed it on January 27, 2015. *Alexander v. People*, Super. Ct. Civ. No. 506/2014 (STT), 2015 V.I. LEXIS 9 (V.I. Super. Ct. Jan. 27, 2015). The Superior Court held that Alexander failed to serve the Government respondents with his petition, and "proper service of the [p]etition is mandatory." *Id.* at *5-6. The Superior Court went on to hold that even if Alexander had properly served the petition, it was meritless because the petition "also fails to demonstrate a constitutional violation for ineffective assistance of counsel." *Id.* at *6. The Superior Court also denied Alexander's motion for appointment of counsel, holding that Alexander had no constitutional right to counsel in a habeas proceeding. *Id.* at *12-13. Finally, the Superior Court denied Alexander's recusal motion because "no authority exists, stating a *per se* rule requiring judges to automatically recuse themselves where they have previously presided over a case with a defendant." *Id.* at *14. Alexander filed a timely notice of appeal with this Court on February 17, 2015.

## II. JURISDICTION

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court." V.I. CODE ANN. tit. 4, § 32(a). The Superior Court's January 27, 2015 order denying Alexander's habeas petition is a final order within the meaning of section 32, and therefore we have jurisdiction over this appeal. *Blyden v. Gov't of the V.I.*, 64 V.I. 367, 374 (V.I. 2016) (citing *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 292 (V.I. 2014)).

## III. DISCUSSION

On appeal, Alexander argues that the Superior Court erred in denying his habeas petition because his trial counsel's performance was constitutionally ineffective. But before reaching this issue, we must first address the Government's argument that the Superior Court lacked

"personal jurisdiction" over the Government respondents because Alexander failed to serve them with process upon filing his petition in the Superior Court.

## A. Personal Jurisdiction

The Government states in its appellate brief that the Superior Court lacked personal jurisdiction because Alexander failed to serve his petition on the Government respondents. This argument is entirely meritless.

■ As we recently explained in *Blyden*, chapter 91 of title 5 provides a specialized procedure for habeas proceedings that supersedes the normal service-of-process procedures required in other civil cases. 64 V.I. at 375. This is because section 1306 of title 5 "plac[es] the duty of serving the writ on the respondents squarely on the Superior Court once it issues the writ." *Id.* "And when a Virgin Islands statute sets forth with precision how proceedings should occur, that statute must operate to the exclusion of the ordinary rules of procedure that would otherwise apply to civil proceedings." *Id.* (quoting *Bryan v. Fawkes*, 61 V.I. 201, 238 n.30 (V.I. 2014)) (internal quotation marks and ellipses omitted).

■ Accordingly, Alexander had no obligation to serve the Government respondents with process upon filing the petition for a writ of habeas corpus in the Superior Court. And since the Superior Court held that Alexander's petition was meritless and never issued the writ, the Government respondents were never served in accordance with section 1306.

## B. Alexander's Right to a Writ of Habeas Corpus

Turning to the merits of Alexander's appeal, we must now determine whether the Superior Court should have granted the writ, served the Government respondents, and required the Government to file a return and produce Alexander for a hearing on the merits of his petition.

■ As we made clear in *Rivera-Moreno*, "[g]ranting the writ of habeas corpus . . . constitutes an intermediate step in the statutory procedure" — it does not address the underlying merits of the petition's allegations, nor does it entitle the petitioner to the ultimate relief sought in the petition. 61 V.I. at 311. Instead, issuing the writ and serving it on the Government respondents is simply the first step of the process, requiring the Government to file a return responding to the petition and to produce the petitioner in court for a hearing on the merits of the petition. *Id.* at 312.

■ "When presented with a petition for a writ of habeas corpus, [the Superior Court] must first determine whether the petition states a prima facie case for relief — that is, whether it states facts that, if true, entitle the petitioner to relief — and also whether the stated claims are for any reason procedurally barred." *Id.* at 311 (citation and internal quotation marks omitted). "If the court determines that the petition does not state a prima facie case for relief or that the claims are all procedurally barred, the court will deny the petition outright, but if it appears that the writ ought to issue, the Superior Court shall grant [a writ of habeas corpus] without delay." *Id.* (citations and internal quotation marks omitted). Thus, Alexander's petition was not required to establish his ultimate entitlement to relief, and the Superior Court erred in reaching the merits of his claims based only on the allegations of his petition.

■ In his petition, Alexander alleged that his counsel at trial and on direct appeal provided ineffective assistance by failing to present evidence that was favorable to the defense, failing to properly cross-examine the main prosecution witnesses, and failing to demonstrate the prejudice the defense suffered due to the People's failure to provide a specific time and date in its demand for a notice of alibi. In denying Alexander's petition, the Superior Court held that Alexander's "arguments are blatant attempts to re-litigate issues that were already raised and resolved on [direct] appeal" before this Court. 2015 V.I. LEXIS 9, at *9. Although the Superior Court did not expressly state it, this reasoning was essentially a holding that Alexander's petition was procedurally barred because it was already raised and addressed on direct appeal by this Court. *See Blyden*, 64 V.I. at 377 (holding that a habeas claim is procedurally barred where it was already raised on direct appeal and decided on the merits by this Court). This was error.

■■ This Court did not address any claims of ineffective assistance of counsel in deciding Alexander's direct appeal. *See Alexander*, 60 V.I. at 495-513. And even if Alexander had attempted to raise an ineffective-assistance claim on direct appeal, this Court likely would not have considered it. "Ordinarily, a claim of ineffective assistance of trial counsel is not appropriately reviewed for the first time on direct appeal . . . because the necessary facts about counsel's representation of the defendant have not been developed." *Codrington v. People*, 57 V.I. 176, 191 (V.I. 2012) (quoting *Stanislas v. People*, 55 V.I. 485, 491 (V.I. 2011)) (citation and internal quotation marks omitted). Due to this, " 'ineffective

assistance of counsel claims [typically] must be raised in a collateral proceeding rather than on direct appeal.' " *Peters v. People*, 60 V.I. 479, 485 n.3 (V.I. 2014) (quoting *Powell v. People*, 59 V.I. 444, 452 n.6 (V.I. 2013)). Accordingly, Alexander's ineffective-assistance claim was not procedurally barred and was properly presented in his habeas petition. *Blyden*, 64 V.I. at 380-81.

██ Further, although the Superior Court did not address it, we note that Alexander clearly made out a prima facie claim for habeas relief in his petition by alleging that his conviction was the result of his trial counsel's failure to present evidence favorable to his defense. "Ordinarily, when the Superior Court enters judgment on one basis, but fails to consider alternative arguments that were raised by the parties, this Court will decline to address those alternate issues in the first instance, and instead direct the Superior Court to do so on remand." *Rennie v. Hess Oil V.I. Corp.*, 62 V.I. 529, 541 (V.I. 2015) (citations omitted). But because the issue of whether Alexander's petition stated a prima facie case for relief is purely an issue of law that we can easily resolve in this appeal, we do so here in the interests of judicial economy. *Rivera-Moreno*, 61 V.I. at 314 ("When, on appeal, this Court applies a plenary standard of review to the underlying Superior Court decision, it can, in the interests of judicial economy, exercise its discretion to overlook the Superior Court's procedural error and analyze the legal issue for the first time on appeal." (alteration, citation, and internal quotation marks omitted)).

██ Alexander's allegations of ineffective assistance of counsel would entitle him to habeas relief if ultimately proven true since "[o]ne of defense counsel's duties is to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process. To fulfill that duty, counsel must offer at trial material, admissible evidence that is favorable to the defense." *Houston v. Lockhart*, 982 F.2d 1246, 1250-51 (8th Cir. 1993) (citation and internal quotation marks omitted)); *see also Powell*, 59 V.I. at 452-53 ("To prevail on a claim of ineffective assistance of counsel, [the defendant] must demonstrate that 'counsel's performance fell below an objective standard of reasonableness and that counsel's performance prejudiced [him] resulting in an unreliable or fundamentally unfair outcome in the proceeding.' " (quoting *Stanislas*, 55 V.I. at 494)). This is all Alexander was required to do in order to obtain the writ under Virgin Islands law: "state[ ] facts [in the petition] that, if true, entitle the petitioner to relief." *Rivera-Moreno*, 61 V.I. at 311 (citation omitted).

Accordingly, the Superior Court erred in summarily denying his habeas petition. By reaching the underlying merits of Alexander's petition without giving him the opportunity to prove his allegations at an evidentiary hearing as mandated by Virgin Islands law, the Superior Court denied Alexander his day in court. This was error and we reverse the Superior Court's January 27, 2015 order and remand for the Superior Court to issue the writ, serve the Government respondents, and conduct further proceedings as dictated by chapter 91 of title 5 of the Virgin Islands Code.

## C. Issues Likely to Recur on Remand

 Alexander does not make any arguments in his appellate brief challenging the aspects of the Superior Court's order denying his motion for appointment of counsel or his motion for recusal of the Superior Court judge assigned to the case. Nonetheless, because these issues are likely to recur on remand — and Alexander is proceeding *pro se* due to the Superior Court's refusal to appoint counsel — we reach these issues in the interests of justice and judicial economy. *Malloy v. Reyes*, 61 V.I. 163, 181 (V.I. 2014) (citing *Hard Rock Café v. Lee*, 54 V.I. 622, 640 (V.I. 2011)); *see also Bryan v. Gov't of the V.I.*, 56 V.I. 451, 457-58 (V.I. 2012) (observing that "it is more cost-effective and efficient" to address a waived argument in a habeas case since the prisoner "could simply file another petition addressing the same argument"); *Appleton v. Harrigan*, 61 V.I. 262, 267 (V.I. 2014) (" '[I]t is our policy to give *pro se* litigants greater leeway in dealing with matters of procedure and pleading.' " (quoting *Joseph v. Bureau of Corr.*, 54 V.I. 644, 650 (V.I. 2011))).

### 1. *Appointment of counsel*

 In denying Alexander's motion for appointment of counsel, the Superior Court explained that Alexander had no constitutional right to counsel in a habeas proceeding. 2015 V.I. LEXIS 9, at *12. This was a correct statement of law, since "courts have repeatedly found that there is no constitutional right to court-appointed counsel in collateral proceedings, even if they stem from a criminal case." *Fontaine v. People*, 59 V.I. 1004, 1010 (V.I. 2013) (collecting cases).

 But Alexander's lack of a constitutional right to the appointment of counsel in this habeas proceeding is not the end of the matter. As we have previously explained, 5 V.I.C. § 3524, governing the Office of the

393

Territorial Public Defender, "authorizes discretionary representation in collateral proceedings, such as post-conviction petitions for writ of habeas corpus." *Id.* at 1011 (citation omitted). In addition, the Superior Court is further empowered to appoint counsel for an indigent habeas petitioner under 4 V.I.C. § 513(d), which provides that the Superior Court "may appoint an attorney to represent any person unable to employ counsel." In fact, this Court has previously pointed with approval to the Superior Court's "appoint[ment of] the Office of the Territorial Public Defender as [a habeas petitioner's] counsel," which this Court construed as a finding that the habeas petition presented a prima facie case for relief. *Rivera-Moreno*, 61 V.I. at 312.

██ ██ Thus, even though the Superior Court was correct that Alexander does not have a constitutional right to counsel, the Superior Court still had the discretion to appoint counsel for him in this case. And when the Superior Court limits its own discretion due to an erroneous conclusion of law, we must vacate its order and remand for the Superior Court to exercise its discretion. *See Kalloo v. Estate of Small*, 62 V.I. 571, 584-85 (V.I. 2015) (citing *Lopez v. People*, 60 V.I. 534, 538-39 (V.I. 2014)). We therefore vacate the Superior Court's order refusing to appoint counsel and direct the Superior Court to reconsider Alexander's motion under the correct legal authorities.

### 2. Recusal

██ Alexander moved for recusal of the Superior Court judge assigned to this case because that same judge had presided over his criminal trial. In denying Alexander's motion, the Superior Court held that "no authority exists[ ] stating a *per se* rule requiring judges to automatically recuse themselves where they have previously presided over a case with a defendant." 2015 V.I. LEXIS 9, at *14. However, we have observed that "many jurisdictions [preclude] judges who presided over a prisoner's underlying case . . . from ruling upon the prisoner's subsequent petition for writ of habeas corpus" and we agree that this *per se* rule is appropriate in habeas proceedings. *In re Elliot*, 54 V.I. 423, 431 n.5 (V.I. 2010) (citing *Clemmons v. Wolfe*, 377 F.3d 322, 329 (3d Cir. 2004)). The Superior Court therefore erred in denying Alexander's motion on this basis.

██ Recusal is governed by 4 V.I.C. § 284, which provides that "[n]o judge or justice shall sit or act as such in any action or proceeding . . . [w]hen it is made to appear probable that, by reason of bias or prejudice

of such judge, a fair and impartial trial cannot be had before him." There is nothing in this case to suggest that the Superior Court judge will be partial or biased in any way in this proceeding despite the fact that he previously presided over Alexander's criminal trial. But "[t]he question is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all of the circumstances." *Rice v. McKenzie*, 581 F.2d 1114, 1116 (4th Cir. 1978). For this reason, "[i]t is important to a litigant and to the fairness and public reputation of judicial proceedings that review of a case be conducted by 'a judge other than the judge who presided over the case at trial.'" *Weddington v. Zatecky*, 721 F.3d 456, 461 (7th Cir. 2013) (quoting *Clemmons*, 377 F.3d at 325); *see Floyd v. State*, 303 S.C. 298, 400 S.E.2d 145, 146 (1991) (explaining that "a *per se* rule of recusal . . . will eliminate even the suggestion of partiality"). Therefore, a habeas "petitioner '[is] entitled to have his habeas corpus petition heard by a judge who had not participated in his conviction.'" *Weddington*, 721 F.3d at 461 (quoting *Russell v. Lane*, 890 F.2d 947, 948 (7th Cir. 1989)).

Accordingly, we also reverse that portion of the Superior Court's order denying Alexander's recusal motion and direct on remand that this case be assigned to another Superior Court judge.

## IV. CONCLUSION

Because Alexander's petition for a writ of habeas corpus stated a prima facie case for relief, the Superior Court erred in reaching the merits of his claims and denying relief without issuing the writ, serving the Government respondents, and holding a hearing as required by sections 1308 through 1311 of title 5 of the Virgin Islands Code. Furthermore, the Superior Court erroneously limited its discretion in declining to appoint counsel for Alexander only because he did not have a constitutional right to counsel, when Virgin Islands law provides the court the discretion to appoint counsel in a habeas proceeding. Finally, the Superior Court erred in denying Alexander's recusal motion because the judge who presides over a habeas petitioner's underlying criminal trial cannot also adjudicate the habeas petition challenging the conviction resulting from that trial. We therefore reverse the Superior Court's January 27, 2015 order and remand this case to the Superior Court with directions that it be assigned to a

395

different judge. That judge must then consider anew Alexander's motion for appointed counsel and proceed to issue the writ and conduct further proceedings as dictated by chapter 91 of title 5 of the Virgin Islands Code.

SWAN, *Associate Justice*, concurring. I concur with the majority's holding that the Superior Court erred in summarily denying Alexander's petition for writ of habeas corpus. In order to comply with *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279 (V.I. 2014) and the Virgin Islands Code, the Superior Court was obligated to issue the writ and require a return from the Government respondents. I write only to accentuate my increasing concern with the limited scope of the Superior Court's authority to determine the necessity of an evidentiary hearing on a habeas corpus petition, after the issuance of the writ.

I am aware, of course, of the edicts of Virgin Islands habeas corpus law: "a petitioner who has made out a prima facie case for habeas corpus relief that is not procedurally barred is entitled to a writ of habeas corpus under 5 V.I.C. § 1304, and pursuant to the writ must be produced in court for an evidentiary hearing as provided for in 5 V.I.C. § 1311." *Rivera-Moreno*, 61 V.I. at 313. But the tacit and worrisome implication here is that a petitioner can simply conjure and adeptly craft a myriad of facts which, if true, would entitle him or her to relief, and thus be afforded an evidentiary hearing, even if the claims are discreditable or inaccurate. As the California Court of Appeals perceptively observed, "[a]lthough the duty to conduct formal proceedings arises only if a petition states a prima facie basis for relief, unfortunately it is not difficult for the artful petitioner to do so." *Durdines v. Superior Court*, 76 Cal. App. 4th 247, 90 Cal. Rptr. 2d 217, 221-22 (1999).

In *Rivera-Moreno*, this Court relied extensively on *People v. Romero*, 8 Cal. 4th 728, 35 Cal. Rptr. 2d 270, 883 P.2d 388 (1994), noting that the Virgin Islands habeas corpus statutes and those of California share the same language. In doing so, we enunciated, "[a]n evidentiary hearing . . . is not necessary if the parties' filings reveal absolutely no factual disputes." *Rivera-Moreno*, 61 V.I. at 314 (citing *Romero*, 883 P.2d at 392). *Rivera-Moreno* presented a converse example of an occasion in which an evidentiary hearing was unnecessary. Both the petitioner and the People fully agreed that an individual juror who had been struck from the jury pool, and expressly excused for personal bias against the defendant, still became an empaneled member of the jury and signed the jury form

providing for a guilty verdict.[1] The factual circumstances in *Rivera-Moreno* were exasperatingly egregious as to not create any dispute between the parties regarding the issuance of a writ and the guilty verdict warranted summary reversal. An evidentiary hearing — and the expenditure of the necessary time and resources involved — would have been entirely superfluous and incongruous with the principle of judicial economy.

*Romero*, citing decades of California's habeas corpus precedent, contemplated additional instances where, after the Government respondents file a return and the petitioner responds in a traverse, the court may also decline to hold a hearing. Close scrutiny of *Romero* reveals the following language:

> Once the issues have been joined in this way, the court must determine whether an evidentiary hearing is needed. If the written return admits allegations in the petition that, if true, justify the relief sought, the court may grant relief without an evidentiary hearing. Conversely, consideration of the written return and matters of record may persuade the court that the contentions advanced in the petition lack merit, in which event the court may deny the petition without an evidentiary hearing. Finally, if the return and traverse reveal that petitioner's entitlement to relief hinges on the resolution of factual disputes, then the court should order an evidentiary hearing.

*Romero*, 883 P.2d at 392-93 (citations omitted).

The Supreme Court of California has continued to explicate that the reviewing court may deny the petitioner relief without a hearing, on the basis of insufficient facts. *In re Rosenkrantz*, 29 Cal. 4th 616, 128 Cal.

---

[1] Before the court clerk placed the juror on the panel, the following exchange occurred between the court and the juror during *voir dire*:

> THE COURT: In other words, you could not[,] were you chosen as a juror, sit in this jury box with an open mind and decide this case fairly and impartial[ly] and solely on the basis of the testimony and the evidence produced in this courtroom? You couldn't do that?
> JUROR NO. 173: Right.
> THE COURT: I'll excuse you.
> JUROR NO. 173: Thank you.

*Rivera-Moreno*, 61 V.I. at 288-89.

Rptr. 2d 104, 59 P.3d 174, 217 (2002). Conceivably, there will exist cases in which the Superior Court can easily examine the habeas petition, the People's return and accompanying exhibits, the petitioner's traverse (if any), and the record of the case, and soundly discern whether the habeas claims lack merit. And it is disconcerting to imagine a court having before it an ample record and materials clearly demonstrating that a petitioner's allegations are patently frivolous or false, but yet not being allowed the discretion to deny relief to that petitioner without first holding an evidentiary hearing.

Again, I am mindful of the procedural mandates of the Virgin Islands habeas corpus statutes and even more cognizant of protecting defendants' due process rights. Simultaneously, this issue, if left unabated, may only impede the Superior Court's ability to expeditiously resolve habeas corpus petitions. I thus find comfort in the language quoted above from *Romero*, 883 P.2d at 392-93, and trust that Superior Court judges in the Virgin Islands will do the same.