**CARL SIMON, Appellant/Petitioner**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee/Respondent**

S. Ct. Civil No. 2010-0085

Supreme Court of the Virgin Islands

July 26, 2017

JOSEPH A. DIRUZZO, III, ESQ., Fuerst Ittleman David & Joseph, PL, Miami, FL, *Attorney for Appellant.*

PAMELA R. TEPPER, ESQ., SU-LAYNE WALKER, ESQ., Assistant Attorneys General, St. Thomas, USVI, *Attorneys for Appellee.*

CABRET, *Associate Justice*; SWAN, *Associate Justice*; and HODGE, *Designated Justice.*[1]

## OPINION OF THE COURT

(July 26, 2017)

SWAN, *Associate Justice.* Appellant, Carl Simon ("Simon"), appeals the Superior Court's order entered on September 24, 2010, which denied his petition for an emergency writ of habeas corpus on the merits. Citing numerous reasons, Simon seeks relief from a sentence of life in prison without parole for his 1995 convictions of felony murder, robbery and third-degree burglary. We reverse the Superior Court's order and remand this case so that the court may dismiss Simon's petition without prejudice.

## I. FACTS AND PROCEDURAL HISTORY

On September 7, 1993, Simon, James Roach ("Roach") and an unidentified individual burglarized a house on St. John, Virgin Islands. Daniel Ezekiel ("Ezekiel"), a resident of the home, arrived during the burglary, along with Elroy Connor. An altercation ensued and Ezekiel was shot and killed. Both Simon and Roach fled the home and were later arrested. Attorney Augustin Ayala, of the Office of the Territorial Public Defender, was appointed to represent Simon.

Initially, the Government charged Simon with premeditated murder and third-degree burglary. (S.A. 34-35.) However, during a pre-trial conference on January 10, 1995, the Government stated its intention to add a count of robbery to the information. (S.A. 54.) The trial court then directed the Government to file a corresponding written motion. On January 13, 1995, during another pre-trial conference, the Government provided Simon with a copy of the amended information, which charged the following crimes: felony murder with the predicate offense of robbery; conspiracy to commit robbery; robbery; and burglary in the third degree. (S.A. 63-64.) Simon's counsel objected to the amended information, because the prosecution had added new counts. By motion dated January 18, 1995, the Government formally amended the

---

[1] Chief Justice Rhys S. Hodge has been recused from this matter. The Honorable Verne A. Hodge, retired judge of the Superior Court, sits in his place by designation pursuant to title 4, section 24(a) of the Virgin Islands Code.

information. (S.A. 97-98.) The court conducted another pre-trial conference prior to *voir dire* and jury selection, during which the Government informed the court that it would not be proceeding on the conspiracy charge. (S.A. 109.) Over defense counsel's objection, the trial court granted the Government's motion to amend the information to remove the conspiracy count, alter the language of the felony murder count to accurately reflect the elements of that charge, and remove some language from the third-degree burglary count. (S.A. 116-19.)

The trial commenced on January 24, 1995 and concluded the following day, on which the Government filed the second amended information charging Simon with felony murder with the predicate offense of robbery; robbery; and third-degree burglary. (S.A. 718-19.) During the trial, defense counsel made no opening statement, and Simon called no witnesses on his behalf. Roach, who had already been tried and convicted, testified on behalf of the Government.[2] Roach implicated Simon as having killed Ezekiel and testified that, because he had been threatened by Simon, he was untruthful at his own trial when he denied knowing Simon. Roach further testified that he had requested and received protection from the Government in exchange for his testimony against Simon. (S.A. 341.) After the presentment of the evidence, the trial court announced that the doors of the courtroom would be locked during closing arguments and jury instructions. (S.A. 600.)

Ultimately, Simon was adjudged guilty of all three counts of the second amended information, and by judgment and commitment dated February 27, 1995, he was sentenced to imprisonment for the rest of his natural life, without parole. (S.A. 720-21.) Both Attorney Ayala and Simon filed timely notices of appeal. Then Chief Territorial Public Defender, Harold W. L. Willocks, Esq., represented Simon on appeal until the Appellate Division of the District Court granted his motion to withdraw on August 8, 1996. *Simon v. Joseph*, 59 V.I. 611, 615 (V.I. 2013). Attorney Michael A. Joseph then entered his appearance as Simon's new appellate counsel. *Id.*

On September 1, 1995, as part of Roach's criminal case in the District Court, the United States Attorney filed a stipulation to reduce Roach's first-degree murder conviction to second-degree murder, in exchange for

---

[2] Roach was tried and convicted in the District Court of first-degree murder of Daniel Ezekiel and was sentenced to life imprisonment without parole on May 5, 1994. *Simon v. Gov't of the V.I.*, 116 F. Supp. 3d 529, 534, 63 V.I. 902 (D.V.I. App. Div. 2015).

Roach's withdrawal of his appeal to the United States Third Circuit Court of Appeals. (S.A. 727.) Approximately nine months later, the United States Attorney filed a motion to reduce Roach's sentence, and Roach was sentenced to twenty years imprisonment on the second-degree murder charge. (S.A. 776-79.)

Since his conviction in 1995, Simon has filed numerous appeals and petitions, both local and federal, arguing ineffective assistance of counsel, the Superior Court's supposed lack of jurisdiction over his trial, violations of his rights under the doctrine of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and other concomitant issues. The Appellate Division of the District Court affirmed Simon's convictions in August 1997. (S.A. 786-94.) In February 2000, Simon filed his second local petition for writ of habeas corpus in the Superior Court.[3] That petition raised 52 issues, several of which contained sub-issues. (S.A. 806.) The Superior Court denied this petition on the merits in July 2002, and Simon appealed this decision to the Appellate Division. (S.A. 868.) In 2007, the Appellate Division remanded the case to allow the Superior Court to determine whether a certificate of probable cause should issue. (S.A. 1142-49.) The Superior Court issued this certificate in February 2008 and the case returned to the Appellate Division. (S.A. 1151-55.) However, before the Appellate Division further adjudicated the appeal, Simon filed his third local habeas petition on July 31, 2009. (J.A. 4.) The Appellate Division affirmed Simon's convictions on August 6, 2009, in a memorandum opinion that rejected the claims in the habeas petition. (S.A. 1156-87.) Simon then appealed this decision to the United States Court of Appeals for the Third Circuit on August 25, 2009. While this appeal proceeded before the Third Circuit, the Government filed its return responding to Simon's July 31, 2009 habeas petition, and Simon replied by filing a traverse. (J.A. 4.) The Superior Court analyzed and rejected Simon's claims on the merits, and denied the habeas petition in a memorandum opinion entered on September 24, 2010. The court neither issued a writ of habeas corpus nor held a hearing. Instead, the court rejected Simon's claims on the pleadings. Simon's timely appeal ensued.

---

[3] Prior to October 29, 2004, the Superior Court was named the Territorial Court of the Virgin Islands. *See* 2004 V.I. Sess. Laws 179 (Act. No 6687, § 1(b)) (amending 4 V.I.C. § 2 by substituting "Superior" in place of "Territorial"). Thus, we refer to the former Territorial Court by its present name.

## II. JURISDICTION AND STANDARD OF REVIEW

■ We exercise jurisdiction over this appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides, "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." A final order is a judgment from a court which ends the litigation on the merits, leaving nothing else for the court to do except execute the judgment. *Williams v. People*, 55 V.I. 721, 727 (V.I. 2011); *In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008) (citing *Bethel v. McAllister Bros., Inc.*, 81 F.3d 376, 381 (3d Cir. 1996)). Further, "[a]n order denying a petition for a writ of habeas corpus is a final order in a civil proceeding from which an appeal may lie." *Suarez v. Gov't of the V.I.*, 56 V.I. 754, 759 (V.I. 2012). Accordingly, the Superior Court's order of September 24, 2010, denying Simon's petition for emergency writ of habeas corpus, constitutes a final order over which we may exercise jurisdiction.

A trial court's conclusions of law in dismissing a petition for writ of habeas corpus are subject to plenary review. *Mendez v. Gov't of the V.I.*, 56 V.I. 194, 199 (V.I. 2012) (citing *Villot v. Varner*, 373 F.3d 327, 331 (3d Cir. 2004)). A trial court's findings of fact are reviewed for clear error. *Id.* (citing *Anderson v. Bessemer City*, 470 U.S. 564, 574, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985)).

As a threshold matter, we note that Simon's July 31, 2009 petition for writ of habeas corpus raised 13 issues and a litany of sub-issues, some of which have not been argued on appeal. Accordingly, we address only those issues briefed and presented for this Court's review, and deem all other issues raised in the habeas petition waived. V.I. R. APP. P. 22(m) ("Issues that were . . . raised or objected to [before the Superior Court] but not briefed . . . are deemed waived for purposes of appeal.").

## III. DISCUSSION

### A. Simon's habeas petition is procedurally barred.

Preliminarily, we address the Superior Court's procedural treatment of Simon's habeas corpus petition, given the mandates of the Virgin Islands habeas corpus statutes as well as this Court's habeas corpus precedent.

■ Indeed, it is now settled that where a habeas corpus petition states facts which, if true, entitle the petitioner to relief, the petition states a prima facie case. *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 311 (V.I.

2014). Nevertheless, the standard for the issuance of the writ comprises two prongs. It is not sufficient that a petition states a prima facie case for relief. The Superior Court must also determine "whether the stated claims are for any reason procedurally barred." *Blyden v. Gov't of the V.I.*, 64 V.I. 367, 376 (citing *Rivera-Moreno*, 61 V.I. at 311).

Of particular significance to this analysis is the intersection of two of Simon's local habeas petitions — the February 2000 habeas petition and the habeas petition which is the subject of this appeal. Simon's February 2000 habeas petition raised 52 issues. (S.A. 806-27.) As explained, after the Superior Court denied this petition on the merits in July of 2002, Simon appealed this decision to the Appellate Division. (S.A. 868-904.) In 2007, the Appellate Division remanded the case for the Superior Court to determine whether a certificate of probable cause should issue. (S.A. 1142-43.) On remand, the Superior Court issued this certificate and the case returned to the Appellate Division, which then affirmed Simon's convictions on August 6, 2009, in a memorandum opinion that rejected the claims in the habeas petition. Simon then appealed this decision to the Third Circuit on August 25, 2009. However, before the Appellate Division had even entered its memorandum opinion, Simon had already filed the habeas petition at issue here, on July 31, 2009. And, of the issues now before this Court which were raised in the July 31, 2009 habeas petition, all but one were subsumed in the February 2000 petition.

■ Under this Court's precedent, "a criminal defendant may appeal a conviction as of right, and if that appeal is unsuccessful, file an unlimited number of successive habeas corpus petitions under local law, *Bryan v. Gov't of the V.I.*, 56 V.I. 451, 457 (V.I. 2012), constrained only by abuse of the writ and similar common law doctrines." *Simon*, 59 V.I. at 626 (citing *Price v. Johnston*, 334 U.S. 266, 287-93, 68 S. Ct. 1049, 92 L. Ed. 1356 (1948)). Further, a petitioner is not *per se* procedurally barred from premising his petition on the same issues which the Appellate Division or Third Circuit rejected in a previously filed habeas petition, *Hughley v. Gov't of the V.I.*, 61 V.I. 323, 336 (V.I. 2014), or on direct appeal. *Mosby v. Mullgrav*, 65 V.I. 261, 266-68 (V.I. 2016).

■ However, this Court has never addressed a situation where a petitioner is *simultaneously* and actively prosecuting two local habeas petitions in multiple courts, arguing many of the same issues in each forum. Although we remain mindful of not restricting Simon's access to the courts, we cannot ignore the grave comity implications which this case

708

presents, and we deem it necessary to consider whether Simon's July 2009 petition was procedurally barred. Therefore, the crucial question before us is whether the Superior Court may adjudicate a prisoner's habeas petition while that petitioner's previously-filed local petition remains pending, and where both petitions advance many of the same grounds for relief. We apply the three-part test enunciated in *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011), and analyze " '(1) whether any Virgin Islands courts have previously adopted a particular rule; (2) the position taken by a majority of courts from other jurisdictions; and (3) most importantly, which approach represents the soundest rule for the Virgin Islands.' " *Antilles Sch., Inc. v. Lembach*, 64 V.I. 400, 428 (V.I. 2016) (quoting *Gov't of the V.I. v. Connor*, 60 V.I. 597, 600 (V.I. 2014)).

This Court's research has not yielded any Virgin Islands judicial opinion, whether local or federal, which has addressed this precise question. Accordingly, we proceed to examine the second and third prongs of the analysis. While only a few jurisdictions have adopted an applicable rule, the majority of state courts to address the issue have determined that, where a petition for writ of habeas corpus presents the same issues as the petitioner's prior pending habeas petition, the subsequently filed petition is subject to dismissal. *See Moore v. State*, 462 So. 2d 1060, 1061 (Ala. Crim. App. 1985) ("When a petitioner has pending before any court of this state a petition for writ of habeas corpus or an appeal from a denial of such petition, a subsequently filed petition for writ of habeas corpus for the same cause, may not be entertained and should properly be dismissed."); *Cameron v. Hopper*, 233 Ga. 31, 209 S.E.2d 622, 622 (1974) (court properly dismissed habeas petition without prejudice where judgment on prior petition raising identical issues remained pending on appeal); *State v. Nangle*, 365 Mo. 198, 280 S.W.2d 96, 98 (1955) ("Since this habeas corpus case was pending undetermined in the Court of Criminal Correction, we must hold that the Circuit Court did not have jurisdiction to hear another habeas corpus petition by the same petitioner to determine the same subject matter.").[4] The minority rule, while not antithetical to the majority approach, is that

---

[4] As this Court explained in *Rivera-Moreno*, "[w]hile the federal habeas corpus statute imposes numerous explicit procedural bars intended to limit the ability of prisoners . . . to collaterally challenge their convictions in federal court, none of these provisions is found in the Virgin Islands habeas corpus statute." 61 V.I. at 303. Therefore, in determining whether

when two habeas petitions are being prosecuted simultaneously, "the first court to assume jurisdiction ha[s] the exclusive right to make the adjudication." *Mattox v. State*, 81 Ohio Law Abs. 231, 161 N.E.2d 507, 508 (Ohio Ct. App. 1955).

■ We unhesitatingly conclude that the majority approach denotes the soundest rule for our jurisdiction, as it both enables the orderly resolution of habeas petitions and preserves judicial comity, the importance of which we recently reaffirmed in *Sarauw v. Fawkes*, 66 V.I. 253, 271 (V.I. 2017) ("[T]he integrity of . . . judicial comity is more important than any single case[.]"). Moreover, the majority rule comports with this Court's precedent in *Simon v. Joseph*. In that case, Simon had appealed the Superior Court's dismissal of his legal malpractice lawsuit against Attorney Joseph. However, at the time that the Superior Court dismissed the suit, Simon's habeas appeal involving the same issue was already pending before the Third Circuit, and Simon's grievance that he had filed against Attorney Joseph was also under review by the Ethics and Grievance Committee of the Virgin Islands Bar Association. *Id.* at 626-27. Ultimately, we held that Simon's legal malpractice claims were not ripe because no court had set aside Simon's convictions, and the Superior Court should have declined to consider the case on the merits. *Id.* at 628-29. Therefore, we vacated the underlying judgment and remanded the case to the Superior Court so that it could dismiss Simon's complaint without prejudice. *Id.* at 630. We also elaborated:

> By not *sua sponte* invoking the ripeness doctrine to dismiss Simon's complaint and instead proceeding to consider the matter on the merits, the Superior Court severely disrupted comity amongst federal and local courts by creating inconsistent adjudications of essentially the same factual and legal issues between itself, the Third Circuit, the Ethics and Grievance Committee, and the judge who issued Simon a certificate of probable cause. . . . Rather, to avoid potentially inconsistent adjudications, the Superior Court should have simply dismissed Simon's complaint on the ground that it was not ripe, without prejudice to its re-filing in the event Simon ever successfully obtains post-conviction relief on some future date.

a common-law procedural bar applies in this case, we refer to decisions of state appellate courts, as we did in *Rivera-Moreno*.

710

*Id.* at 629.

■ Unquestionably, analogous reasoning applies in this case because the Superior Court, in adjudicating Simon's July 2009 habeas petition, addressed some of the very claims that Simon had advanced in his unresolved February 2000 petition. For instance, the Superior Court concluded that Simon failed to demonstrate nonfrivolous grounds for the direct appeal of his convictions. (JA 15.) Conversely, the Third Circuit, in ruling on the appeal of Simon's February 2000 habeas petition, remanded the case to the Appellate Division of the District Court and held that "there were nonfrivolous issues that the Appellate Division should have reviewed on the merits." *Simon v. Gov't of the V.I.*, 679 F.3d 109, 115-16, 56 V.I. 990 (3d Cir. 2012). This Court will not establish the disconcerting precedent of allowing a petitioner to concurrently prosecute duplicative habeas petitions in different courts, as this could easily encroach upon judicial comity. Indeed, under the contrary approach there would be no preventing multiple prisoners from filing similar suits. And, while neither party has ever raised this issue, we have previously instructed that "ensuring comity between courts is a judicial interest sufficiently serious to warrant *sua sponte* invocation of claims-processing rules and other affirmative defenses." *Simon*, 59 V.I. at 629. This Court "has not hesitated to reverse the Superior Court when it has rendered a decision that interferes with a case that is properly before the federal courts, even when the comity issue was not raised by any of the parties to the appeal." *Bryan v. Fawkes*, 61 V.I. 416, 454 (V.I. 2014).

■ Given the serious interest of ensuring comity among courts, as well as the soundness and pragmatism of the majority approach, we are impelled to hold that Simon's July 31, 2009 habeas petition was premature.[5] Therefore, Simon's claims were procedurally barred for purposes of the writ. The Superior Court should have summarily dismissed the July 31, 2009 habeas petition, without prejudice to Simon's

---

[5] We do observe that although Simon filed this petition on July 31, 2009, the Superior Court appears to have received it on August 13, 2009, at which time the Appellate Division had already denied the appeal of Simon's previously filed local habeas petition and affirmed his convictions. (JA 4.) Nevertheless, even assuming that the Superior Court believed that the Appellate Division's jurisdiction had ended, this does not alter our analysis. At the time that the Superior Court rendered its decision on Simon's July 31, 2009 petition, Simon's appeal of the Appellate Division's decision on the previously filed local habeas petition had been properly before the Third Circuit for more than a year.

711

right to file a subsequent habeas petition, following the final disposition of the previously filed local habeas petition.

## B. Remedy for the Superior Court's error.

■ We are cognizant, of course, that this Court is not automatically precluded from considering Simon's claims on the merits. *Rivera-Moreno*, 61 V.I. at 314 ("When, on appeal, this Court applies a plenary standard of review to the underlying Superior Court decision, it can, 'in the interests of judicial economy, exercise [its] discretion' to overlook the Superior Court's procedural error and analyze the legal issue for the first time on appeal.") (quoting *Browne v. Gore*, 57 V.I. 445, 453 n.5 (V.I. 2012)). For instance, we have addressed the merits of habeas claims that, albeit waived, are likely to arise on remand. In *Alexander v. People*, 65 V.I. 385 (V.I. 2016), we remanded the case and ordered the Superior Court to issue the writ and conduct additional proceedings in compliance with this jurisdiction's habeas corpus statutes. Accordingly, we analyzed two issues which were likely to recur in these proceedings: 1) whether the Superior Court possesses discretion to appoint counsel for a habeas petitioner; and 2) whether a habeas petitioner is entitled to have his petition heard by a judge who did not participate in his conviction. *Id.* at 393-95. Our merits review of an appellant's habeas claims was also appropriate in *Rivera-Moreno*. Although the Superior Court erred in failing to issue the writ in that case, we determined whether a juror's presence on the jury violated the appellant's constitutional rights so as to warrant a new trial. 61 V.I. at 314.

This appeal is not comparable to either of the cases mentioned. Unlike *Alexander*, this case will not involve additional proceedings on remand. We are reversing the September 24, 2010 order to allow the Superior Court to simply and summarily dismiss Simon's habeas petition without prejudice. Thus, we do not conceive of any issues which are likely to recur on remand and therefore need to be addressed at this juncture. We also cannot analogize Simon's case to *Rivera-Moreno*. There existed no factual disputes in *Rivera-Moreno*; both parties agreed that a biased juror was empaneled. 61 V.I. at 311. The sole unresolved issue was "a pure question of law: whether the [court's] placement of [the juror] on the jury violated Rivera-Moreno's right to trial by an impartial jury and to due process of law." *Id.* at 314-15. Further, there was an inexplicable six-year delay in the Superior Court's adjudicating Rivera-Moreno's habeas

petition. *Id.* at 315. Therefore, our exercise of discretion to examine that case on the merits was not only justified, but warranted.

Here, however, Simon's appellate brief raises five issues. Most of his claims involve factual disputes, including his most recent allegation that he was required to wear a stun-belt during his trial and was consequently deprived of due process under the Fourteenth Amendment. (J.A. 31.) Crucially, too, we observe that proceedings are still ongoing in Simon's appeal of his February 2000 habeas petition. On remand from the Third Circuit, the Appellate Division dismissed Simon's petition, in part, and remanded the case to the Superior Court for a development of the factual record underlying Simon's allegations against Attorney Joseph. *Simon v. Gov't of the V.I.*, 116 F. Supp. 3d 529, 540-44, 63 V.I. 902 (D.V.I. App. Div. 2015). In compliance with the remand, the Superior Court held an evidentiary hearing on October 19, 2016, heard testimony from Simon and Attorney Joseph, and entered its findings of fact on November 21, 2016.[6] Accordingly, the appeal is again before the Appellate Division of the District Court. Given these circumstances, we are not compelled to exercise our discretion to analyze Simon's claims.

## IV. CONCLUSION

The Superior Court erred when it considered Simon's July 2009 petition for writ of habeas corpus on the merits while the appeal of his prior local habeas petition remained pending. The Superior Court should have dismissed the petition without prejudice to Simon's rights to file a subsequent petition following the final disposition of his appeal. Therefore, we reverse the Superior Court's September 24, 2010 order and remand this case to the Superior Court so that it may dismiss Simon's petition for writ of habeas corpus without prejudice.

---

[6] Under V.I. R. APP. P. 10, "[t]he original papers and exhibits filed in the Superior Court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the Clerk of the Superior Court shall constitute the record on appeal in all cases." A copy of the Superior Court's factual findings was entered on November 21, 2016, and is part of the record in that court.